851 P.2d 1064

**Gloria TRUJILLO, Petitioner,**

v.

**HILTON OF SANTA FE and Crawford & Company, Respondents.**

No. 21072.

Supreme Court of New Mexico.

March 25, 1993.

Rehearing Denied May 8, 1993.

James A. Burke, Santa Fe, for petitioner.

Stirling & Stepleton, Todd M. Aakhus, Albuquerque, for respondents.

## OPINION

RANSOM, Chief Justice.

■ We issued our writ of certiorari to the Court of Appeals to review its dismissal of an appeal taken by Gloria Trujillo from a compensation order entered by the workers' compensation judge. Dismissal was entered on the ground that notice of appeal was not timely when filed within thirty days of a subsequent order awarding attorney's fees but more than thirty days from the compensation order. *See* SCRA 1986, 12–201(A) (Repl.Pamp.1992) (mandating notice of appeal within thirty days of the filing of final order). The dispositive issue before the Court of Appeals was whether, under *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 824 P.2d 1033 (1992), an order awarding compensation and medical benefits but not resolving the issue of attorney's fees is a final order for purposes of appeal. The Court of Appeals held that the order was final and that the worker's time to file her notice of appeal ran from the date of the compensation order, 115 N.M. 398, 851 P.2d 1065. We reverse.

*Kelly Inn* held that a judgment declaring the rights and liabilities of the parties (ruling that lessors had properly terminated a lease) and awarding attorney's fees, but reserving for future determination the amount of the fees, is final; and that the trial court had jurisdiction to fix the amount of fees after more than thirty days had passed following entry of the initial judgment and after the losing party had appealed. *Kelly Inn* relied on *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), and opinions from the supreme courts of Connecticut, Colorado, and Kansas that "a bright-line rule regarding the finality of a decision on the merits, regardless of the pendency of a request for attorney's fees, is preferable to a case-by-case approach." *Kelly Inn*, 113 N.M. at 235, 824 P.2d at 1037. Regardless of how a claim for attorney's fees might be justified or raised, *Bu-*

*dinich* favored " 'a uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final.' " *Id.* at 239, 824 P.2d at 1041 (quoting *Budinich,* 486 U.S. at 202, 108 S.Ct. at 1722).

Although the rationale in support of the holding in *Kelly Inn* may apply to other proceedings, the holding is nonetheless limited to attorney's fees. The rationale is that the term "finality" is to be given a practical, rather than a technical, construction to satisfy the policies of facilitating meaningful appellate review and of achieving judicial efficiency. These policies may be served by appeals from judgments declaring the rights and liabilities of the parties to the underlying controversy when resolution of supplemental questions will not alter the judgment or moot or revise decisions embodied therein. Issues "collateral to" and "separate from" the decision on the merits fall within a twilight zone of similarity to proceedings that carry out or give effect to the judgment. The rule that an adjudication of fewer than all the claims of a party is not final without an express determination that there is no just reason for delay, *see* SCRA 1986, 1–054(C)(1) (Repl.Pamp.1992), never has applied when the remaining questions involve proceedings to carry out or give effect to a judgment, such as the disposition and distribution of assets in accordance with an adjudication, ancillary writs to enforce a judgment, or the judicial sale of property following a decree of foreclosure on a mortgage.

In *Kelly Inn,* we specifically recognized that it is impossible to devise a formula to resolve all marginal cases coming within the twilight zone of finality, and we discussed ways that the trial courts can be of significant help to the appellate courts in promoting the policy against piecemeal appeals. What we did not say, and now wish to make clear, is that when the policies of facilitating meaningful appellate review and of achieving judicial efficiency outweigh the policy against piecemeal appeals, and appeal of a "marginal case" would be proper, we would not in the same case refuse the appeal if the aggrieved party were to delay the giving of a timely notice of appeal until resolution of the matters supplemental to the underlying controversy.

We now retreat from language in *Kelly Inn* that suggested a bright-line rule for notices of appeal in cases involving attorney's fees. Rather, we recognize that in the twilight zone a party should be allowed to choose the appropriate time for appeal, guided by considerations in the trial court that impact on meaningful and efficient appellate review. In the twilight of marginal cases, the zone of appeal should be one of practical choice and not one of procedural danger against which a bright-line rule would appear not to serve as a shield. Consequently, we reverse the order of the Court of Appeals that dismissed the appeal taken from the compensation order, and we remand this case to the Court of Appeals for further proceedings consistent with this opinion.

IT IS SO ORDERED.

BACA, MONTGOMERY, FRANCHINI and FROST, JJ., concur.