This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MEEMS SANTA FE, LP,**
**a Texas Limited Partnership,**

      Plaintiff-Appellee,

**v.**                                                                    **NO. 29,820**

**TONY MARTIN BUILDERS, LTD.,**
**a Texas Limited Liability Company,**

      Defendant-Appellant,

**and**

**TONY MARTIN BUILDERS, LTD.**
**a Texas Limited Liability Company,**

      Third-Party Plaintiff-Appellant,

**v.**

**DOUBLE K-M, LLC, a Texas Limited Liability Company,**
**and KAREN H. MAYES,**

      Third-Party Defendants-Appellees.


**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Felker, Ish, Ritchie & Geer, P.A.
Randy Felker
Santa Fe, NM

for Appellees
Simons & Slattery LLP
Thomas A. Simons IV
Santa Fe, NM

for Third-Party Appellees

Jewell & Thompson, P.C.
Nathaniel V. Thompkins
Santa Fe, NM

for Appellants

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant-Appellant Tony Martin Builders, Ltd. (Defendant) appeals from the district court's order denying Defendant's motion to reconsider the summary judgment rulings that dismiss all of Defendant's claims. The notice proposed to dismiss, and Defendant filed a timely memorandum in opposition. **[Ct.App.File, green clip]** We are not persuaded by Defendant's arguments, and therefore dismiss for lack of a final order.

This case began when Meems Santa Fe, LP (Plaintiff) filed a complaint against Defendant arising from the alleged breach of a construction contract. **[RP Vol.I/1;**

**Vol.III/460, 688]** In response, Defendant filed an amended counterclaim against Plaintiff **[RP Vol.I/18, 68, 71]** as well as a second amended third-party complaint against Third-Party Defendants Karen Mayes and Double K-M (DKM). **[RP Vol.I/49, 76, 83]** Plaintiff Meems **[RP Vol.I/23, 46]** and Third-Party Defendants Mayes and DKM **[RP Vol.I/191, 195; Vol.II/228, 251]** subsequently filed summary judgment motions, premised on the central argument that Defendant is an unlicensed contractor and as such is barred from recovery under its counterclaim and third-party complaint. **[RP Vol.I/28, 32]** The district court granted summary judgment in favor of Plaintiff **[RP Vol..II/262]** and Third-Party Defendants **[RP Vol.II/264]**, and thereby dismissed with prejudice all of Defendant's claims against these parties. **[RP Vol.II/262-65]** Defendant now appeals from the district court's order denying its motion to reconsider the summary judgment rulings. **[RP Vol.III/684]**

Because claims brought by Plaintiff against Defendant remain outstanding [**RP Vol.I/1; Vol.II/460; Vol.III/688]**, dismissal for lack of a final order is merited. *See generally* Rule 1-054(B)(1) NMRA (indicating that "when more than one claim for relief is presented in an action . . . the court may enter a final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay."); *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992) (providing that, generally, an order or judgment is not

3

considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible), *limited on other grounds by Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 398, 851 P.2d 1064, 1065 (1993). Although Defendant argues finality on the basis that "the case languishes" in the district court **[MIO 3]**, the remedy for any inaction is a matter to be addressed below, and is independent of finality on appeal.

We recognize that the district court's summary judgment ruling precludes any further litigation between Defendant and Third-Party Defendants. **[MIO 2; RP Vol.II/264]** We recognize further Rule 1-054(B)(2), which provides that a judgment determining all issues as to one party is final unless the court otherwise provides. While the summary judgment ruling may have ended all litigation against Third-Party Defendants, it did not, however, end the litigation against Defendant. Given Plaintiff's remaining claims against Defendant, application of Rule 1-054(B)(2) is not merited. *See, e.g., Healthsource, Inc. v. X-Ray Assocs. of N.M., P.C.*, 2005-NMCA-097, ¶¶ 14-15, 138 N.M. 70, 116 P.3d 861 (recognizing that while Rule 1-054(B)(2) may provide finality to one party, it does not extend finality to a second party if issues remain pending against such party in a counterclaim by a third party). Further, as provided in Defendant's counterclaim against Plaintiff, Third-Party Defendant DKM is the general partner to Plaintiff, and Third-Party Defendant Karen

4

Mayes is the manager of DKM. **[RP Vol.I/18]** Plaintiff's third-party complaint further provides that Third-Party Defendant DKM is the predecessor-in-interest of Plaintiff. **[RP Vol.II/463]** Given the relationship between Plaintiff and Third-Party Defendants, it would be ill advised to address the dismissal of Defendant's claims against Third-Party Defendants. *See, e.g., Khalsa v. Levinson*, 1998-NMCA-110, ¶¶ 20-21, 1998-NMCA-110, 125 N.M. 680, 964 P.2d 844 (holding that the district court abused its discretion by certifying an order for immediate appeal when the issues resolved by the order were intertwined with issues not yet resolved by the district court).

**Conclusion.** Based on the foregoing discussion, we dismiss for lack of finality.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**MICHAEL E. VIGIL, Judge**