This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

= **IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**RAYMOND RODARTE and
NICANOR "NICK" LOPEZ,**

Plaintiffs-Appellants

**v.**                                         NO. 30,137

**MELISSA HOOVER a/k/a
MELISSA HOOVER ROMERO
MATTHEW HOOVER, and
JESSICA HOOVER, individually
and as personal representatives of
the ESTATE OF MARY JANE
HOOVER, Deceased,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Sam B. Sanchez, District Judge**

J. Ronald Boyd
Santa Fe, NM

for Appellants

Alan Maestas Law Office
Alan H. Maestas
Taos, NM

for Appellees

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Plaintiffs appeal from the district court's order dismissing their complaint with prejudice. We issued a notice of proposed summary disposition, proposing to affirm. Plaintiffs have responded to our notice with a memorandum in opposition. Defendants have responded with a memorandum in support. We have given the parties' responses due consideration, and remain unpersuaded that Plaintiffs have clearly demonstrated error. We therefore affirm.

In their docketing statement, Plaintiffs did not clearly list the issues they wanted to be decided on appeal. We construed the docketing statement to make three arguments: (1) the district court erred by dismissing their complaint as to their allegations of civil conspiracy and fraud; (2) the district court erred by dismissing Count II of their complaint, in which they allege that Defendants made two fraudulent conveyances and ask that the deeds be set aside and the property restored to Mary Jane Hoover's probate estate; and (3) the district court erred by ruling that enforcement of the judgment entered by Judge Hall should have been sought in the county probate action, because only the district court has jurisdiction to determine title to real estate. [DS unnumbered 3-4]

Our notice observed that the docketing statement gave us very little insight into the complicated factual and procedural background of this case, which seems to have its origins in a 2001 probate action from the death of Anastacia Lopez. We warned Plaintiffs that it is not this Court's obligation to comb the record to understand or find

support for the appellant's claims, and that it is incumbent on the appellant to provide this Court with all the facts material to the issues raised, including those facts that support the ruling of the district court. *See* Rule 12-208(D)(3) NMRA (requiring that the docketing statement contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"); *see also Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984) (reminding the appellant to set forth all relevant facts in the docketing statement, including the facts supporting the district court's ruling). We referred Plaintiffs to our case law warning that the failure to include all material facts could result in affirmance or other sanctions. *See id.*; *see also State v. Chamberlain*, 109 N.M. 173, 176, 783 P.2d 483, 486 (Ct. App. 1989) (refusing to grant relief where the defendant failed to provide us with a summary of all the facts material to our consideration of the issue raised in the docketing statement).

From what we could glean from the record, it appeared to this Court that, in a previous action initiated in 2002, Plaintiffs litigated, and prevailed on their claim of fraud, which was based on the same concealment and conversion of the same savings bonds alleged here against Melissa Hoover, and was asserted against the Estate of Mary Jane Hoover, for which Defendant Melissa Hoover was a personal representative. [RP 50, 81-84] We told Plaintiffs that the deficiencies in the docketing statement precluded us from understanding how their current claim differed from their previous claim, why the facts underlying the current claim were not discovered or discoverable at the time of the previous action, and why the statute of limitations had

3

not run. *See Deflon v. Sawyers*, 2006-NMSC-025, ¶ 2, 139 N.M. 637, 137 P.3d 577 ("Res judicata prevents a party or its privies from repeatedly suing another for the same cause of action."); *see also* NMSA 1978, § 45-1-106(A) (1975) ("Any proceeding must be commenced within two years after the discovery of the fraud. No proceeding may be brought against one not a perpetrator of the fraud later than five years after the time of commission of the fraud.").

In response to our notice, Plaintiffs simply state that the current action is separate from the previous conversion claim, because they did not previously have evidence that Melissa Hoover concealed bank records that showed her mother depositing and withdrawing large sums of money. [MIO 1]   This reply does not respond to our concerns about *why* res judicata principles should not bar the current claim of fraud, *why* the facts underlying the current claim were not discovered or discoverable at the time of the previous action, and *why* the statute of limitations had not run.  Plaintiffs' response also makes no citation to the record or authority that would demonstrate error.  Because we warned counsel about the deficiencies in the docketing statement, the consequences of the omission of information, and described what information should be included in any response they might file, Plaintiffs' response, failing to cure the deficiencies, leaves us no alternative but to affirm. Plaintiffs have not clearly demonstrated that the district court erred by dismissing the fraud claim, and we therefore affirm.

Similarly, our notice proposed to affirm the district court's dismissal of Count II of their complaint, in which they allege that Defendants made two fraudulent

4

conveyances and ask that the deeds be set aside and the property restored to Mary Jane Hoover's probate estate. [DS unnumbered 3-4] Our notice pointed out to Plaintiffs that although they argue that Defendants' motion to dismiss Count II addressed only one of the two deeds, Plaintiffs do not explain the full factual and legal basis for either claim about either deed. Again we looked to the record in an attempt to understand the dispute. We noted that Defendants argued that Plaintiffs' claim or status as a creditor arose after the allegedly fraudulent transfer was made, and that Plaintiffs have not alleged otherwise. [RP 55-56] We observed that Plaintiffs' docketing statement simply stated that the conversion of the savings bonds occurred in 2000 and 2001 and that the 2002 deed was not discovered until 2008. [DS unnumbered 3]

We warned Plaintiffs that their assertion did not constitute a clear demonstration of error, because it was not explained by any reasoning and was not supported by any citation to authority. We explained to Plaintiffs that in any response they may wish to file, they should explain the factual and procedural background that supports their claim and refer this Court to controlling authority. In the absence of such information, we proposed to affirm.

In response to our notice, Plaintiffs state that Mary Jane Hoover conveyed a parcel of land to her son during the pendency of the 2006 conversion case. [MIO unnumbered 2] Plaintiffs represent that the alleged fraudulent conveyance was not addressed in any of Defendants' motions to dismiss. [Id.] These statements fall far short of the factual and procedural background necessary to establish error. It addresses only one deed, and there is no statement explaining why they believed the

5

conveyance was fraudulent or why Plaintiffs might be entitled to either deed. Plaintiffs cannot establish reversible error by representing that they were denied an opportunity to respond or present evidence to support their claim, where they have not stated what they would have done with that opportunity. They should have explained what evidence they would have presented and how it might have prevailed. "On appeal, error will not be corrected if it will not change the result." *In re Estate of Heeter,* 113 N.M. 691, 695, 831 P.2d 990, 994 (Ct. App. 1992); *see Crutchfield v. N.M. Dep't of Tax. & Rev.*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 ("A reviewing court generally does not decide academic or moot questions."). Because we remain without such information, we affirm the dismissal of Count II.

Lastly, we hold that Plaintiffs have not demonstrated that the district court erred by refusing to remove the case from probate, consolidate it with the current action in district court, and appoint a special administrator. In our notice, we stated that Plaintiffs have given this Court no reason to believe that the district court should be deciding both the probate and civil matters because Plaintiffs have not established that it was error to dismiss the civil complaint. In addition, we stated that the record does not show us whether Plaintiffs explained to the district court that they attempted to enforce the judgment in probate and that their attempts had failed.

Also, we observed that Plaintiffs do not state the reasoning and legal authority they offered to the district court for why the "county probate action" should be resolved in district court. We explained that appointment of a special administrator in district court requires support for a finding "that appointment is necessary to

6

preserve the estate or to secure its proper administration including its administration in circumstances where a general personal representative cannot or should not act." NMSA 1978, § 45-3-614(B) (1975). From what the record revealed, we stated that there were three personal representatives of Mary Jane Hoover's estate, and that Plaintiffs did not explain what facts they presented to the district court to satisfy the statute, the arguments Defendants asserted, and the grounds on which the district court ruled.

In response to our notice, Plaintiffs state that "there is nothing wrong with joining all claims in a single action. Permitting adjudication of all phases of litigation involving the same parties in one action would avoid a multiplicity of suits." [MIO unnumbered 3] Again, this assertion falls short of providing this Court with the information and legal arguments necessary to establish reversible error. Arguing that the district court *could* have assumed jurisdiction over the probate proceeding, consolidated the actions, and appointed a special administrator does not establish that district court *should* have done so, and that it was error. Without sufficient factual and legal argument, we affirm.

To the extent that Plaintiffs now assert that the district court erroneously awarded Defendants attorney fees, we cannot address the matter in the current appeal with the current record proper. [MIO unnumbered 3] Normally, we would require a new issue to be raised in a motion to amend the docketing statement. *State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). However, this issue challenges a separate order from which Plaintiffs must take a separate appeal. *See,*

7

*e.g.*, *Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 398, 851 P.2d 1064, 1065 (1993) (observing that a party may choose to appeal from a judgment before the order on attorney fees is entered, where resolving the latter does not affect the substance of the judgment, or the party may choose to file one appeal from both the judgment and the order on attorney fees after the completion of both).  As a result, we need not address this issue further.

For the reasons discussed above and in our notice, we affirm the district court's dismissal of Plaintiffs' complaint.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**