This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**KIMBERLY B. FEINBERG,**

Petitioner-Appellee,

v.                                                                          **NO. 30,476**

**ROBERT H. FEINBERG,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle , District Judge**

Armand T. Carian
Albuquerque, NM

for Appellee

Peter H. Johnstone
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Respondent is appealing [RP 181] from a district court order [RP 165] addressing the parties' child support dispute, but leaving unaddressed the spousal support issue before the court. We issued a calendar notice proposing to dismiss. Respondent has filed a memorandum in opposition. Not persuaded that the underlying order should be treated as final and appealable, we dismiss.

A judgment is not final and appealable unless it practically disposes of the merits of the underlying controversy, leaving only issues collateral to and separate from that underlying controversy to be resolved. *See Kelly Inn No. 102 v. Kapnison*, 113 N.M. 231, 238, 824 P.2d 1033, 1040 (1992), *limited on other grounds by Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 851 P.2d 1064 (1993). As indicated, Respondent filed a notice of appeal [RP 181] on May 5, 2010, from a district court order that addressed the parties' child support dispute, but left unresolved the spousal support issues. [RP 165] As indicated by the court's order, the matter had come before the court on Respondent's motion to modify child support and Petitioner's counter-motion to increase spousal support and for payment of child support. [RP 64, 85, 165] Our calendar notice observed that the outstanding claim for spousal support renders the order non-final pursuant to Rule 1-054(B)(1) NMRA, in the absence of a certification of finality. The order in this case does not contain certification language. Accordingly, we proposed to dismiss the appeal.

In his memorandum in opposition, Respondent relies on language in the Marital Settlement Agreement (MSA) that sets forth the terms of the child support obligation to argue that piecemeal litigation will be avoided because there will not be any continued child support given the children's ages. [MIO 5-6] Respondent further notes that the spousal support issue may still arise in the future, irrespective of any resolution of the current claims. [MIO 8-9] We are not persuaded by these arguments. An order is not deemed final simply because a single claim has been resolved. To the contrary, Rule 1-054 expressly deems such orders to be non-final in the absence of certification language. Respondent concedes that the district court did not intend to certify this order as final. [MIO 8] We also note that Petitioner, in her counter-motion, observed that the MSA intertwined the amount of spousal support with the calculation of child support. [RP 88, ¶ 19] Accordingly, we conclude that the underlying order is non-final and we dismiss the appeal.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

3

_____

**LINDA M. VANZI, Judge**