This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ALMA RODRIGUEZ,**

Worker-Appellee,

v.                                                                      **NO. 31,150**

**ADVANTAGE ALARM & SECURITY, INC.,**

Employer-Appellant,

and

**DALLAS NATIONAL INSURANCE CO.,**

Insurer.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Judge**

Peter D. White
Santa Fe, NM

for Appellee

David L. Skinner
Albuquerque, NM

for Employer-Appellant

Christina Bartosh Goodrow
Albuquerque, NM

for Insurer

**MEMORANDUM OPINION**

**VANZI, Judge.**

Appellant Advantage Alarm & Security, Inc. (Employer) argues that the workers' compensation judge (WCJ) erred in denying its application to accept the recommended resolution as binding. [RP 32, 36, 58] Our notice proposed to dismiss for lack of a final order. Both Employer and Dallas National Insurance Co. (Insurer) filed timely memoranda in opposition. We note that the Insurer is not designated as an appellant in either the notice of appeal or docketing statement. We accordingly question its standing to file a memorandum in opposition and thus respond specifically only to Employer's arguments. We do note, however, that Insurer's arguments in opposition to our notice are substantially the same as those made by Employer. We are not persuaded that there is a final order and therefore dismiss.

As we provided in our notice, given its denial of Employer's application, the WCJ's ruling necessarily contemplates further proceedings, as reflected by Worker's subsequent filing of its amended workers' compensation complaint. [RP 61] Because further proceedings are contemplated and a final compensation order resolving all issues has not yet been entered, dismissal is merited. *See Kelly Inn No. 102, Inc. v.*

*Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992) (providing that an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible), *limited on other grounds by Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 851 P.2d 1064 (1993).

We recognize Employer's position that the recommended resolution should be viewed as a final order because it disposed of all the issues raised in Employer's petition for approval of lump sum. [Employer's MIO 1] Significantly, however, the WCJ did not view the recommended resolution as binding based on its determination that the requirements of NMSA 1978, Sections 52-5-12(D) (2009) and 52-5-13 (1989), had not been met. [RP 59] For this reason, the WCJ denied Employer's application, effectively ruling that Worker is not bound by the recommended resolution and that the case may proceed. While Employer claims that "dismissal essentially guts the informal mediation process" [Employer MIO 2], at issue is whether the informal mediation process and recommended resolution are binding absent statutory prerequisites. *Cf. Hidalgo v. Ribble Contracting*, 2008-NMSC-028, ¶ 15, 144 N.M. 117, 184 P.3d 429 (providing that *once a recommended resolution becomes binding*, it is tantamount to a compensation order for purposes of administrative review). We recognize also that a decision by this Court that the WCJ

3

erred and that the recommended resolution is binding would result in there being no further proceedings before the WCJ.  [Employer MIO 1]  However, at this point, it would be premature for this Court to address the merits of the WCJ's ruling, as there is not yet a final order.  In the event the WCJ determines that Worker is entitled to benefits and issues a final order, Employer may then pursue an appeal and, in addition to any other issues, may also raise the issues it sought to argue in the present appeal.

For the reasons set forth herein and in our notice, we dismiss for lack of a final order.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**



_____
**TIMOTHY L. GARCIA, Judge**

4