This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ELIZABETH FERNANDEZ, GERARDO LOPEZ, LOREN LYNDOE, PHYLLIS LYNDOE, MANUEL TOLEDO, ISABEL TOLEDO, GLENDA COUNCIL, ROBERT COUNCIL, RON ARMSTRONG, LAURA ARMSTRONG, MICHAEL BROWN, CHRISTINE BROWN, PATRICIA SANCHEZ, FRANCISCA CABRIALES, JAKE LAMFERS, MARTA LAMFERS, SAMUEL HAUGE, MISTY HAUGE, CAL PALMER, VERONICA PALMER, HEATHER JAMES, HAAMID HAKAM, BAXTER BACKER, CAROLYN BACKER, JAMES CORWELL, KERRI CORWELL, JARED HUNTER, JACQUELINE HUNTER, SILVINO SUAREZ, VERA BLUHM, JOHANNA DUNCAN, LOUIS ACANFRIO, RICHARD HOEHNE, ANABEL NAJERA, JEANNETTE PAZ, ROBERT BRUHN, JAKE NUTTALL, DIANE NUTTALL, RON STONE, STELLA STONE, YVONNE BALDONADO, ROBERT ROBLES, TINA ROBLES, JOSEPH CRAIG, ALISA SHTROMBERG, JESSE MAGALLANEZ, PAMELA TAFOYA, ROBERT BONILLA, ALICIA BONILLA, RUBEN VALENZUELA, YVETTE VALENZUELA, IGNACIO SANCHEZ, WENDY SCHMIDT, MARCUS DECLOUETTE, DANIELLE DECLOUTTE, MADELINE R. MANI, SANJAY CHANDRAN, PATRICK YOKOYAMA, ROESEANNE YOKOYAMA, JOHN BACA, JESSICA BACA, TREVOR**

**BRASEL, KIRSTI BRASEL, JOSE CARTER, EMILY CARTER, CALVIN LUCERO, ERIN GARCIA, and LAKANA SANGADEJ,**

     Plaintiffs-Appellees,

v.                                                  **NO. 32,211**

**D.R. HORTON, INC., and DRH SOUTHWEST CONSTRUCTION, INC.,**

     Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Richard J. Knowles, District Judge**

Collins & Collins, P.C.
Alysan Boothe Collins
Albuquerque, NM

for Appellees Calvin Lucero & Erin Garcia

Crowley & Gribble, P.C.
Clayton E. Crowley
Albuquerque, NM

for Appellee Lakana Sangedej

Guebert Bruckner P.C.
Terry R. Guebert
Don Bruckner
Albuquerque, NM

for Appellees

Landry & Ludewig, LLP
Glenn R. Smith
Stephanie Landry
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendants appeal from the district court's order granting the motion of Plaintiffs Fernandez, Lopez, and James and Kerri Corwell (the FLC Plaintiffs) to amend the fifth amended complaint, granting the motion of all Plaintiffs for leave to file a sixth amended complaint, and denying Defendants' motion to stay the claims of the FLC Plaintiffs pending arbitration (May 18 order). [SRP 2174-2178] In the alternative, Defendants petitioned this Court for a writ of error. We proposed to dismiss for lack of a sufficiently final order and to deny the petition for writ of error in a notice of proposed summary disposition. Defendants filed a memorandum in opposition, and Plaintiffs filed a memorandum in support. After reviewing the memoranda submitted by both parties, we are unconvinced that our proposed disposition is in error, and thus we dismiss Defendants' appeal for lack of a sufficiently final order.

Generally speaking, the right to appeal is restricted to final judgments and

decisions. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102 v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992), *limited on other grounds by Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 851 P.2d 1064 (1993). Whether an order is final, such that appeal is statutorily authorized, is a jurisdictional question that this Court is required to raise on its own motion. *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. "[F]or purposes of appeal, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *B.L. Goldberg & Assocs. v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985).

In our notice, we proposed to dismiss because the May 18 order did not end the litigation. To the contrary, this order was entered by Judge Knowles who was acting pro tem in an ongoing case that, at the time of our initial notice, appeared to be awaiting appointment of a presiding judge. [SRP 2230, 2244, 2247, 2250, 2253, 2256, 2259] We proposed to hold that Defendants will have an opportunity to address the issues presented in their appeal once a district court judge is appointed that is acceptable to all parties. It appears that on August 1, 2012, Chief Justice Maes appointed Judge Brickhouse to preside over these proceedings. [MIS 5]

4

In their memorandum in opposition, Defendants review the prior proceedings in this matter and reiterate their arguments as to why Judge Knowles lacked the authority to enter the May 18 order. [MIO 1-17, 21] At this juncture, we express no opinion as to the propriety of Judge Knowles' actions. However, Defendants' arguments in no way negate our proposed conclusion that Defendants may raise their concerns to Judge Brickhouse.

Defendants also contend that the harm they suffer from Judge Knowles' May 18 order may only be cured if the order is declared void. [MIO 18] Again, we express no opinion. However, we do not agree that Defendants are harmed merely because they must delay any appeal until after Judge Brickhouse considers their contentions in light of the specific language set forth in Judge Knowles' order that he was not making a ruling on whether the non-arbitrable claims of the FLC Plaintiffs will proceed [SRP 2177 ¶ 22] and in light of this Court's opinion in Ct. App. No. 30,663, filed on July 24, 2012.

Moreover, to the extent that Defendants contend that they have a right to appeal the May 18 order because it constitutes a denial of Defendants' motion to compel arbitration, we are unconvinced. [MIO 4-5, 17, 21-26] Defendants' contentions that they are being denied arbitration are dependent upon a finding by Judge Brickhouse

that the FLC Plaintiffs may proceed with any non-arbitrable claims. [MIO 21-26] As discussed in our previous notice, in the May 18 order Judge Knowles made no decision on whether the FLC Plaintiffs' non-arbitrable claims would go forward. [SRP 2177 ¶ 22] Instead, the order contemplates that Defendants can request a status conference or a hearing before Judge Brickhouse to discuss how the case should proceed. [SRP 2178] At that point, should the district court decide that the non-arbitrable claims should go forward separately, Defendants may seek to appeal that decision pursuant to NMSA 1978, Section 44-7A-29 (2001), if they believe an appeal is warranted. *See* § 44-7A-29(a)(1) (providing that an appeal may be taken from "an order denying a motion to compel arbitration").

Turning to Defendants' claims that they are entitled to a writ of error, we remain unconvinced. [MIO 18-21] As discussed in our previous notice, the decision to grant a petition for writ of error is discretionary with this Court. *See* Rule 12-503(I) NMRA. We agree that Defendants have made a persuasive argument as to why Judge Knowles acted beyond his authority in entering the May 18 order given that the parties were never notified of his appointment and given that the case was currently on appeal before this Court. However, we are not convinced that the impact of this order, if any, may be conclusively determined at this juncture because it is unclear what claims, if

6

any, will be allowed to proceed outside of arbitration. *See* Rule 12-503(E)(2) (noting the requirements for a writ of error which include a showing that the order appealed from "(a) conclusively determines the disputed question; (b) resolves an important issue completely separate from the merits of the action; and (c) would be effectively unreviewable on appeal from a final judgment because the remedy by way of appeal would be inadequate"). It is also unclear how Plaintiffs may elect to go forward in light of this Court's decision in Ct. App. No. 30,663 that allows Plaintiffs to pursue consolidated arbitration.

In sum, given the lack of a final decision as to whether the FLC Plaintiffs may go forward on their non-arbitrable claims, the number of issues outstanding between the parties, the recent appointment of Judge Brickhouse to preside over this case, and this Court's recent formal opinion in Case No. 30,666, we are not convinced that Defendants' appeal is sufficiently final for consideration at this time. Instead, considerations of efficiency and our policy of avoiding piecemeal litigation lead us to dismiss Defendants' appeal for lack of a sufficiently final order. *See Kelly Inn No. 102, Inc.*, 113 N.M. at 239, 824 P.2d at 1041. Defendants have also failed to convince us that their claims warrant the exercise of our discretion to grant their petition for writ of error.

7

**CONCLUSION**

Therefore, for the reasons set forth above and those discussed in our notice of proposed summary disposition, we dismiss Defendants' appeal because it is not sufficiently final for purposes of appellate review and, to the extent that Defendants seek review pursuant to a petition for writ of error, we deny their petition.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**LINDA M. VANZI, Judge**