This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RACHEL FAYE ANDRADE**
**n/k/a RACHEL FAYE ROGERS-ANDRADE,**

Petitioner-Appellee,

v.                                                    **NO. 35,428**

**MANUEL SEVE ANDRADE,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Judge**

New Mexico Legal Group. P.C.
Sarah M. Armstrong
Albuquerque, NM

for Appellee

Manuel Seve Andrade
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1} Respondent appeals, pro se, from the district court's final decree of divorce. We issued a calendar notice proposing to affirm. Respondent has filed a response. We affirm the district court.

{2} In this appeal, Respondent has challenged the division of retirement benefits ordered by the final decree of divorce. [DS 24-25] Prior to the entry of the decree, Respondent had entered into a legal separation agreement that, among other things, addressed the division of retirement benefits. [RP 32, 36-40] Respondent subsequently filed a pro se motion to change the division of benefits. [RP 52] The issue was resolved pursuant to a memorandum agreement signed by the parties, as well as their respective attorneys. [RP 94-96] This agreement was incorporated into the final decree. [RP 91-93] *See Gordon v. Gordon*, 2011-NMCA-044, ¶ 13, 149 N.M. 783, 255 P.3d 361 (stating that our case law provides that once a settlement agreement between divorcing spouses has been "adopted and incorporated in [a] final divorce decree, the underlying agreement is deemed to have merged with the decree" (internal quotation marks and citation omitted)). Instead of requesting that the district court set aside the final decree, Respondent filed a notice of appeal to this Court. However, as our calendar notice pointed out, because Respondent has not asked the district court in the first instance to set aside the decree, our review is bound by the agreement [RP 94]. Defendant's remedy is to seek to set aside the agreement in the district court

2

pursuant to Rule 1-060(B) NMRA. *See id.* ¶¶ 15-20 (discussing setting aside marital settlement agreements).

{3}    In his response to our calendar notice, Respondent simply points out a typographical error in the affidavit of Petitioner's attorney, wherein the attorney states that "Respondent has paid" a specific amount of attorney fees, instead of stating that Petitioner has paid that amount up to the referenced date. [RP 104, MIO 1] The attorney fees issue is not part of this appeal. Respondent chose to appeal from the final decree, without waiting for resolution of the attorney fees issue. [RP 91, 99, 105] When there is a judgment on the merits and a prospective award of attorney fees, our Supreme Court has recognized a "twilight zone" of finality, permitting a party to either file an appeal prior to the entry of the attorney fees order or to appeal after that order has been filed. *See Trujillo v. Hilton of Santa Fe*, 1993-NMSC-017, ¶¶ 3, 5, 115 N.M. 397, 851 P.2d 1064. As indicated above, Respondent chose to appeal from the judgment on the merits. As such, any issues related to attorney fees needs to be addressed in a separate appeal.

{4}    With respect to the current appeal, Respondent has not pointed out any errors in our calendar notice. Accordingly, we affirm the district court. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

3

{5}    **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**



_____
**JAMES J. WECHSLER, Judge**



_____
**TIMOTHY L. GARCIA, Judge**