The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number:

Filing Date: May 28, 2026

**NO. S-1-SC-40703**

**DENNIS P. MURPHY, Personal Representative of the ESTATE OF ERIKA CHAVEZ, ERIC CHAVEZ, Individually, and as Next Friend to SERENITY CHAVEZ, a minor, ERIK CHAVEZ, a minor, and IZAIAH CHAVEZ, a minor,**

Plaintiffs-Respondents,

v.

**O'REILLY AUTOMOTIVE STORES, INC.,**

Defendant-Petitioner,

and

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and JOSE ORTIZ-MUÑOZ,**

Defendants.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Francis J. Mathew, District Judge**

Atler Law Firm, PC
Timothy J. Atler

Jazmine J. Johnston
Albuquerque, NM

Jones, Skelton & Hochuli PLC
Raúl P. Sedillo
Jared M. West
Albuquerque, NM

for Petitioner

Romero, Harada & Winters LLC
Geoffrey R. Romero
Christopher P. Winters
Nikko Harada
Albuquerque, NM

The Vargas Law Firm LLC
Ray M. Vargas, II
Albuquerque, NM

Rasheed & Associates, PC
Ousama M. Rasheed
Albuquerque, NM

for Respondents

**OPINION**

**BACON, Justice.**

{1}     This case requires the Court to interpret whether the Wrongful Death Act (WDA or the Act), NMSA 1978, §§ 41-2-1 to -4 (1882, as amended through 2001), provides a personal representative (PR) appointed under the Act with subpoena power prior to filing an actual wrongful death claim. In the underlying wrongful death claim here, Defendant-Petitioner O'Reilly Automotive Stores, Inc. (O'Reilly) moved the district court for dismissal based on subpoena-based discovery tactics by Plaintiffs-Respondents[1] that preceded the filing of that claim. The district court denied the motion in an order (denial order) but certified the denial order for interlocutory appeal. We granted certiorari after the Court of Appeals denied O'Reilly's application for interlocutory appeal. *See* Order, *Murphy v. O'Reilly Auto. Stores, Inc.*, S-1-SC-40703 (N.M. Jan. 17, 2025).

{2}     As explained below, we hold a WDA appointment order to be a final order for purposes of finality and, consequently under the Act, an appointment proceeding is not a pending case as of the issuance of such an order. *See* Rule 1-026(B)(1) NMRA

---

[1]Respondents here are Dennis Murphy as PR of the Estate of Erika Chavez, and Eric Chavez, individually and as next friend to minors Serenity Chavez, Erik Chavez, and Izaiah Chavez.

(providing the general rule requiring a "pending action" for discovery to proceed). We further hold that the purely ministerial purpose of a WDA appointment proceeding does not involve a grant of subpoena power to a PR appointed independent of filing an actual wrongful death claim. *See Lopez v. Presbyterian Healthcare Servs.*, 2025-NMSC-031, ¶¶ 4, 35, 578 P.3d 1089 (explaining the appointment of a PR in a WDA appointment proceeding is considered a ministerial act). We do not reach the question of an appropriate remedy for wrongful use of the subpoena power in this context. We remand to the district court for application of our holdings.

## I.    BACKGROUND

{3}    Because the interlocutory questions before the Court are pure questions of law, we provide a limited version of the factual background, focusing on its relevance to those questions.

{4}    As provided in Respondents' Complaint for Wrongful Death (Complaint), Decedent Erika Chavez died as a result of a traffic collision involving her vehicle and that of defendant-below Jose Ortiz-Muñoz, who was an employee of O'Reilly on September 12, 2020, the date of the fatal collision. *See* Complaint for Wrongful Death, *Murphy v. O'Reilly Auto. Stores, Inc.*, D-101-CV-2023-01185 (1st Jud. Dist. Ct. June 2, 2023) (wrongful death action). Allegations in the Complaint include that

Ortiz-Muñoz was negligent in causing the crash and that his vehicle was known by O'Reilly to not be functioning properly and to be a danger to the motoring public. *See id.* at 6-11.

{5}     Decedent's widower filed his petition for appointment of PR on January 25, 2021, seeking appointment of attorney Dennis P. Murphy as the PR. *See* Petition for Appointment of Personal Representative of the Wrongful Death Estate of Erika Chavez, *In re Chavez*, D-101-CV-2021-00159 (1st Jud. Dist. Ct. Jan. 25, 2021) (Appointment Proceeding). The petition was granted the next day in an order appointing the PR (appointment order). The appointment order included that "Murphy is appointed [PR] . . . for the purpose of investigating and pursuing a wrongful death action . . . [and] shall have all of the powers of appointment pursuant to [the Act]."

{6}     Subsequent to Murphy's appointment as PR, but prior to filing the Complaint, Respondents conducted examinations under oath (EUOs) pursuant to subpoenas bearing the case number of the Appointment Proceeding, to which proceeding O'Reilly was not a party. The EUOs were conducted as follows:

- Respondents questioned Ortiz-Muñoz, represented by counsel, on March 15, 2021. The questions explored on-going mechanical problems with Ortiz-Muñoz's vehicle and O'Reilly's knowledge thereof.

- Respondents questioned Freddie Sanchez, a store manager at O'Reilly at the time of the fatal crash, without counsel present for either Sanchez or O'Reilly, on May 27, 2022. Subjects of the questioning included O'Reilly policies requiring reliable personal transportation and Sanchez's knowledge of defects in Ortiz-Muñoz's vehicle.

- Respondents questioned Jason Sardella, an assistant store manager at O'Reilly at the time of the fatal crash, without counsel present for either Sardella or O'Reilly, on August 16, 2022. Subjects of the questioning included O'Reilly's required reliable personal transportation policy and Sardella's knowledge of Ortiz-Muñoz's vehicle defects.

While the record proper regarding the Appointment Proceeding is limited to exhibits in the subsequent wrongful death action, we note those exhibits include discovery-related documents bearing the case number of the Appointment Proceeding, including the subpoena for Sanchez and certificates of service for Sanchez and Sardella.

{7}    Subsequent to the challenged EUOs, Respondents' Complaint was filed on June 2, 2023. The Complaint's allegations include that O'Reilly is guilty of negligent supervision and negligent retention and control of the dangerous instrumentality of Ortiz-Muñoz's vehicle. The wrongful death action was assigned a judge and a case

number (D-101-CV-2023-01185) distinct from those in the Appointment Proceeding (D-101-CV-2021-00159).

{8} In the wrongful death action, O'Reilly filed a motion to dismiss. *See* Motion to Dismiss with Prejudice or Alternatively Disqualify Counsel and Exclude Improperly Obtained Pre-Litigation Discovery, *Murphy v. O'Reilly Auto. Stores, Inc.*, D-101-CV-2023-01185 (1st Jud. Dist. Ct. Aug. 30, 2023). O'Reilly raised four arguments in the motion to dismiss: (1) the WDA does not provide subpoena powers to PRs or their attorneys in an appointment action "to obtain pre-suit discovery"; (2) an appointment action under the WDA is not a "suit or pending action" pursuant to the Rules of Civil Procedure; (3) issuing any subpoena in the absence of a pending action is unlawful; and (4) Rule 1-027 NMRA provides an "[a]uthorized and [p]roper" discovery alternative to the unlawful methods used by Respondents. The relief proposed by O'Reilly included dismissal of the Complaint or, alternatively, exclusion of all challenged discovery and disqualification of culpable counsel. In reply, Respondents argued *investigation* by a PR under the Act is authorized by New Mexico law, suggested their challenged discovery actions constituted such investigation pursuant to Rule 1-001 NMRA, argued O'Reilly's claim for disqualification of counsel lacked merit, and asserted Respondents were not required to act under Rule 1-027.

{9} With little explanation, the district court's denial order stated that O'Reilly's requested remedies of dismissal and disqualification were "too draconian and operate to punish [Respondents], which is inappropriate." Nevertheless, the denial order certified itself for interlocutory appeal regarding "the narrow issue of whether a concluded wrongful death [PR] appointment action under [the Act] is a pending civil suit or pending action, which affords the [WDA PR] subpoena powers . . . because the at[-]issue [EUOs] form the basis of [Respondents'] claims against O'Reilly."

{10} Following the Court of Appeals' denial of O'Reilly's application for interlocutory appeal, this Court granted O'Reilly's petition for writ of certiorari regarding two questions:

> [(1)] [Is] a concluded [PR] appointment action under the Act . . . a pending civil action, which affords the [PR] subpoena powers under the New Mexico Rules of Civil Procedure?

> [(2)] A corollary question, which was not expressly certified by the district court but which implicitly arises, is what should be the appropriate remedy for wrongfully invoking the district court's subpoena power under the Act?

*See* Order Denying Application for Interlocutory Appeal, *Murphy v. O'Reilly Auto. Stores, Inc.*, A-1-CA-41922 (N.M. Ct. App. Nov. 12, 2024); Order, *Murphy v. O'Reilly Auto. Stores, Inc.*, S-1-SC-40703 (N.M. Jan. 17, 2025).

## II. DISCUSSION

### A. A WDA Appointment Proceeding Concludes upon Issuance of an Order of Appointment Constituting a Final Order, and Subpoena Power Is Not Available to a PR Pursuant to That Proceeding

{11} The first question presented—"whether a concluded wrongful death [PR] appointment action under the [Act] is a pending civil suit or pending action, which affords the wrongful death [PR] subpoena powers under the New Mexico Rules of Civil Procedure"—was expressly certified by the district court in the denial order. This issue is a matter of first impression calling for statutory interpretation of the WDA in relation to the Rules of Civil Procedure. Accordingly, the standard of review is de novo. *See Galloway v. N.M. Off. of the Superintendent of Ins.*, 2025-NMSC-012, ¶ 26, 572 P.3d 855 ("Because we are called upon to interpret [the Act] and our rules of civil procedure . . . , our review is de novo.").

{12} O'Reilly claims three sources of authority support its broad assertion that "[t]he WDA does not authorize pre-suit discovery." First, O'Reilly argues the Rules of Civil Procedure generally do not contemplate discovery outside the context of pending litigation between adverse parties and require notice during discovery. O'Reilly points to supporting examples such as Rule 1-003 NMRA (Commencement of action); Rule 1-004 NMRA (Process); Rule 1-005 NMRA (Service); Rule 1-007 NMRA (Pleadings allowed); and Rule 1-026 (General provisions regarding

discovery). O'Reilly also identifies Rule 1-027 (Depositions before action or pending appeal), which allows for pre-suit testimony under limited circumstances, as "the sole exception to the pending action requirement of Rule 1-026"; Respondents agree with O'Reilly that Rule 1-027 is not applicable in this case. O'Reilly further points to Rule 1-045 NMRA (Subpoena), which requires notice to adverse parties when issuing subpoenas requesting document production or inspection. *See* Rule 1-045(B)(2)(b). The purpose of the requirement "is to afford other parties an opportunity to object to the production." Rule 1-045 comm. cmt. (2002 amendment) (internal quotation marks and citation omitted). Service of any pleading related to the action shall be provided to all parties after the filing of the complaint in accordance with Rule 1-005(A). Under these examples, O'Reilly asserts the Rules of Civil Procedure do not authorize "[p]re-suit discovery without notice, as occurred here." Second, O'Reilly argues the Rules of Professional Conduct similarly prohibit issuance of subpoenas outside the context of pending litigation, citing *In re Chavez*, 2017-NMSC-012, ¶ 11, 390 P.3d 965, a disciplinary case. Third, O'Reilly argues the WDA itself does not provide an exception to the requirements of the Rules of Civil Procedure that would authorize the pre-suit subpoenas and EUOs at issue in this case.

{13} In answer, Respondents argue that the authorities cited by O'Reilly do not expressly or clearly prohibit the challenged discovery actions here and that this case "comes down to the parties reasonably interpreting the Rules of Civil Procedure differently." Alluding to the challenged discovery here bearing the case number of the Appointment Proceeding, Respondents assert "there can be no dispute, as evidenced by the endorsed certificates of service for the subpoenas, [that] the subpoenas were served in a pending action."

{14} As foundation, we concur with the parties that the Rules of Civil Procedure apply to a WDA appointment proceeding, including that issuance of a relevant subpoena under Rule 1-045 requires a pending judicial action. *See* Rule 1-001(A) ("These [Rules of Civil Procedure] govern the procedure in the district courts of New Mexico in all suits of a civil nature whether cognizable as cases at law or in equity."); *see also In re Chavez*, 2017-NMSC-012, ¶ 2 (illuminating "an issue of fundamental importance: it is unlawful for a court or an officer of the court to issue any subpoena in the absence of a pending judicial action").

{15} To determine whether an appointment proceeding under the WDA may remain pending past the appointment of the PR, we first highlight the limited nature and purpose of such a proceeding. *See Henkel v. Hood*, 1945-NMSC-006, ¶ 12, 49 N.M. 45, 156 P.2d 790 ("The term 'personal representative' is used [in the Act]

simply to designate the agency, the trustee, the person, who may prosecute this particular character of statutory action.").

{16} We recently analyzed WDA appointment proceedings in *Lopez*, wherein we concluded "that failure to petition for appointment as the WDA PR at or before the time of filing is not a jurisdictional defect warranting dismissal." 2025-NMSC-031, ¶ 5. In the course of that analysis, we noted longstanding "flexibility" in our caselaw regarding PR-related procedural requirements, as PRs are "merely nominal parties who act for the benefit of the statutory beneficiaries." *Id.* ¶ 29. We further recognized in *Lopez* that "[i]t is merely incidental that a [PR] is named to bring a wrongful death [claim]" and "WDA PRs act as a sort of procedural placeholder for decedents." *Id.* (first alteration in original) (internal quotation marks and citation omitted). We also approved the view that appointment of a WDA PR is only a "'ministerial act,'" further supporting the limited scope of an appointment proceeding. *Id.* ¶ 35 (quoting *Oakey v. Tyson*, 2017-NMCA-078, ¶ 34, 404 P.3d 810); *see Ministerial act*, *Black's Law Dictionary* (revised 4th ed. 1968) (defining a "ministerial act" as acting "in a given state of facts in a prescribed manner in obedience to the mandate of legal authority, without regard to or the exercise of [one's] own judgment").

{17} Applying *Lopez* to the issue here, a district court completes its adjudication of a WDA appointment proceeding upon issuance of the appointment order, as that

order resolves the limited issue before the district court by identifying the PR. Stated differently, an appointment order constitutes a final order: "The general rule in New Mexico for determining the finality of a judgment is that an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033 (internal quotation marks and citation omitted), *holding limited by Trujillo v. Hilton of Santa Fe*, 1993-NMSC-017, 115 N.M. 397, 851 P.2d 1064. We conclude that, by its ministerial act of determining the nominal party who may bring a WDA claim for the benefit of the decedent's statutory beneficiaries, the appointment order satisfies the general rule for final orders.

{18} In the absence of an applicable exception to the general rule, discussed next, our conclusion is effectively dispositive. Because an appointment order is a final order, an appointment proceeding is no longer pending upon the order's issuance, and no subpoenas may issue pursuant to that proceeding. We note that we have no occasion here to consider under what circumstances subpoena-related discovery might be proper pursuant to an appointment proceeding *prior* to issuance of an appointment order, and our holding should not be read otherwise.

{19} Respondents suggest that, pursuant to being appointed PR "for the purpose of investigating and pursuing a wrongful death action," Murphy issued subpoenas and conducted EUOs as a means of ensuring compliance with Rule 1-011 NMRA and Rule 1-001. That is, regarding Rule 1-011, Respondents claim "it would be improper to require a [PR], or its counsel, to file a wrongful death action, without ensuring they" have not committed "a willful violation" of that rule's requirement that an attorney certify that to the best of their knowledge, information, and belief there is good ground to support the filing of a pleading. *See* Rule 1-011(A). Regarding Rule 1-001, Respondents claim the rule's mandate "to secure the just, speedy[,] and inexpensive determination of every action" would be violated if a PR was required "to file suit in order to determine whether a wrongful death action is warranted." Rule 1-001(A).

{20} Respondents' suggestion that the rules require prelitigation discovery fails for two reasons. First, this view of Rules 1-011 and 1-001 would apply to every civil case and would thus render the pending-litigation requirement in our discovery rules generally meaningless. *See Katz v. N.M. Dep't of Hum. Servs.*, 1981-NMSC-012, ¶ 18, 95 N.M. 530, 624 P.2d 39 ("A statute must be construed so that no part of the statute is rendered surplusage or superfluous."); *State v. Lopez*, 2023-NMSC-011, ¶ 10, 529 P.3d 893 ("When construing our procedural rules, we use the same rules of

construction applicable to the interpretation of statutes." (internal quotation marks and citation omitted)). Second, the WDA envisions a PR as a nominal party bringing "claims that the decedent could have brought," e.g., in a personal injury suit, had the injured party not died. *Lopez*, 2025-NMSC-031, ¶ 23; *see also Est. of Krahmer ex rel. Peck v. Laurel Healthcare Providers, LLC*, 2014-NMCA-001, ¶ 6, 315 P.3d 298 (recognizing the PR is statutorily empowered to pursue "the same cause of action exactly as it would have been possessed by the decedent" (citing *Romero v. Byers*, 1994-NMSC-031, ¶ 15, 117 N.M. 422, 872 P.2d 840 ("Because the Act is in derogation of the common law, it is to be afforded a strict, rather than an expansive construction."))). Thus, it is reasonable to contemplate a PR follows the same procedural path a personal injury plaintiff commonly treads: filing a complaint in good faith, then conducting discovery, and amending the complaint as relevant facts come to light. We concur with O'Reilly's assertion that adopting Respondents' view of Rules 1-011 and 1-001 "would confer upon the [PR] powers that the decedent would not have had," which would be contrary to our WDA jurisprudence.

{21} We see no basis otherwise for a relevant exception to the general rule for final orders that would authorize subpoena-based discovery pursuant to an appointment proceeding subsequent to issuance of an appointment order. Additionally, we note our holding applies equally to WDA cases when an appointment proceeding is

concurrent or even subsequent to initiation of the wrongful death claim, as considered in *Lopez*. *See* 2025-NMSC-031, ¶¶ 2, 37. In each of those scenarios, the appointment order resolves "all issues of law and fact" in the appointment proceeding and completely disposes of that proceeding, thus constituting a final order. *Kelly Inn No. 102, Inc.*, 1992-NMSC-005, ¶ 14.

{22}     Accordingly, we hold issuance of an appointment order concludes an appointment proceeding under the WDA and subpoena power is not available to a PR pursuant to that proceeding.

{23}     Because our holding resolves the issue before us under the Rules of Civil Procedure and the Act, we need not address the parties' arguments under out-of-state caselaw or the disciplinary case of *In re Chavez*. *See Lopez*, 2025-NMSC-031, ¶ 25 ("The basic requirements for WDA PRs are derived from two sources: the WDA itself and Rule 1-017(B) [NMRA], which was amended in 2014 to clarify the requirements for appointing a WDA PR. *See* Rule 1-017(B) comm. cmt. 2014 Amendment.").

**B.     We Do Not Reach the Second Question Presented**

{24}     As O'Reilly's phrasing of the second question presented makes clear, the issue of the proper remedy for wrongful invocation of the subpoena power under the Act "was not expressly certified by the district court." As relevantly discussed, the

district court in the wrongful death action simply found O'Reilly's proposed remedies of dismissal with prejudice and disqualification of counsel were "too draconian and [would] operate to punish [Respondents], which is inappropriate." The determination of an appropriate remedy for litigation misconduct is committed to the district court's sound discretion, which must be exercised based on the particular facts and supported by a reasoned explanation. *See State v. Le Mier*, 2017-NMSC-017, ¶ 17, 394 P.3d 959 ("As a reviewing court, we cannot attempt to precisely delineate how trial courts are to exercise their discretionary authority in the varied cases over which they must preside. Similarly, we cannot second-guess our courts' determinations as to how their discretionary authority is best exercised." (citation omitted)). Further, O'Reilly cites no authority compelling our review of this issue. Therefore, we do not reach the second question presented.

### III.  CONCLUSION

{25}  We remand to the district court for application of our holding that an appointment order is a final order which concludes an appointment proceeding under the WDA and subpoena power is not available to the PR pursuant to that appointment proceeding.

{26}    **IT IS SO ORDERED.**

_____
                    **C SHANNON BACON, Justice**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Justice**


_____
**BRIANA H. ZAMORA, Justice**


_____
**EMILIO J. CHAVEZ, Judge,**
**Sitting by designation**


_____
**AMANDA SANCHEZ VILLALOBOS, Judge,**
**Sitting by designation**