# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2020-NMCA-002

Filing Date: August 22, 2019

No. A-1-CA-36284

**PAUL ROGERS,**

      Plaintiff-Appellant,

v.

**BOARD OF COUNTY COMMISSIONERS
OF TORRANCE COUNTY, MARTIN RIVERA,
ERWIN YOUNG, and RON SAAVEDRA,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Mercedes C. Murphy, District Judge**

Certiorari Denied, December 9, 2019, No. S-1-SC-37976. Released for Publication January 21, 2020.

Rothstein Donatelli LLP
Marc M. Lowry
Alicia C. Lopez
Albuquerque, NM

for Appellant

New Mexico Association of Counties
Brandon Huss
Grace Philips
Santa Fe, NM

for Appellees

## OPINION

**HANISEE, Judge.**

**{1}** In this appeal, we resolve whether a lawyer's mistaken action that had the unintended effect of terminating litigation warrants relief under Rule 1-060(B)(1) NMRA,

when that action was undertaken without client authority. Concluding so, we reverse the district court's denial of Plaintiff's limited Rule 1-060(B) motion.

**BACKGROUND**

**{2}**     On January 6, 2014, Plaintiff filed a complaint for damages under the New Mexico Tort Claims Act and common law in the Seventh Judicial District Court in Torrance County, New Mexico (state case). Plaintiff filed a second lawsuit in United States District Court (federal case) a year later, on January 5, 2015, asserting Fourth Amendment claims based on the same events as underpinned the state case. In May 2016 Plaintiff and his attorney (Plaintiff's counsel) discussed dismissing Plaintiff's state case. Sometime after the discussion, Plaintiff sent an e-mail to Plaintiff's counsel stating "[p]er our telephone conversation today, I agree to drop the state case in order to better position ourselves in our ongoing federal case."

**{3}**     Plaintiff's counsel contacted Defendants by telephone to report Plaintiff's wish to dismiss the state case *without* prejudice. Defendants opposed the proposed dismissal because trial in the state case was then imminent and "significant costs and expenses had been and were being incurred to prepare for trial." Either too ill[1] to understand or simply unaware that such a dismissal would have preclusive effect in federal court based upon established principles of res judicata, Plaintiff's counsel filed the opposed motion seeking dismissal *with* prejudice "as a show of good faith to Defendants that the state case would be terminated forever." Plaintiff explained in his motion that dismissal would not be prejudicial to Defendants since their trial preparation to date on the state case would be "applicable in the parallel federal proceeding" and that by dismissing the case after expiration of the applicable statute of limitations, Plaintiff would forgo his municipal liability and property damage claims, adding specifically that Plaintiff would only pursue his federal case. After viewing Plaintiff's filed motion containing new dismissal "with prejudice" language, Defendants reversed course, consented to dismissal and submitted to Plaintiff's counsel a proposed order of dismissal. Subsequently, Defendants filed a response clarifying that they "only opposed dismissal without prejudice[,]" and that although they "disagree with most of the basis and argument contained in [P]laintiff's motion[,]" they no longer oppose dismissal with prejudice. The district court entered an order granting dismissal of the state case with prejudice on June 3, 2016.

**{4}**     Two months later, Defendants filed a motion for summary judgment in the federal case arguing it should be terminated on res judicata grounds. The motion—which was eventually granted by the federal court—rested exclusively on the fact that the state case was dismissed with prejudice. As a result, approximately two months after the summary judgment motion was filed in the federal case, Plaintiff moved, under Rule 1-060(B), to reopen the state case for the limited purpose of recharacterizing Plaintiff's motion to dismiss, along with the stipulated order of dismissal, as "without prejudice." Among several grounds identified as a basis for Rule 1-060(B) relief, Plaintiff posits that

---

1Plaintiff's counsel later explained that when he filed Plaintiff's motion to dismiss "with prejudice," he was recovering from a gallstone attack.

Plaintiff's counsel acted without authorization because his actions unwittingly terminated litigation in both the state and federal cases. Defendants opposed the motion, arguing that Plaintiff's decision to dismiss the case with prejudice was a failed strategy decision instead of a mistake and that Plaintiff is not entitled to relief because his counsel did not understand the legal consequences of his deliberate acts. In reply, Plaintiff submitted an affidavit that he had "never directed [his] legal counsel to do anything that would have jeopardized [his] federal case."

**{5}**     After a hearing, the district court entered an order denying Plaintiff's motion. Although the district court found that it was Plaintiff's decision to "drop the state case in order to better position [himself] in [the] ongoing federal case[,]" and that it was Plaintiff's understanding that dismissing the state case would not affect his federal claims, it also found that "Rule [1-060(B)](1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts." The district court then found that "the decision to pursue the case only in federal court was a strategic decision made by counsel with the consent of the Plaintiff."

## DISCUSSION

**{6}**     Plaintiff makes many of the same arguments on appeal as he did before the district court, and in addition, argues that the district court applied an incorrect legal standard when it concluded, based upon *Jacobs v. Electronic Data Systems Corp.*, 240 F.R.D. 595, 601 (M.D. Ala. 2007), that "[c]lients retain counsel and entrust him or her with the fiduciary duty to make certain strategic and tactical litigation decisions which bind the client, even if made without express authorization or approval, and even if they are bad decisions." Defendants again argue that Plaintiff's decision to dismiss the state case was strategic and therefore the district court correctly denied relief to Plaintiff under Rule 1-060(B)(1).

### Standard of Review

**{7}**     "We generally review the district court's grant of relief under Rule 1-060(B) for an abuse of discretion except in those instances where the issue is one of pure law." *Kinder Morgan CO$_2$ Co., L.P. v. State Taxation & Revenue Dept.*, 2009-NMCA-019, ¶ 9, 145 N.M. 579, 203 P.3d 110 (alteration, internal quotation marks, and citation omitted). "The scope of Rule 1-060(B)(1) and application of the rule to the facts involve questions of law which we review de novo." *Kinder Morgan*, 2009-NMCA-019, ¶ 9. A reviewing court may reverse the district court under an abuse-of-discretion standard if it is determined that the district court's decision was "arbitrary, fanciful, or unreasonable." *Id.* (internal quotation marks and citation omitted). Our review is de novo as we must interpret the meaning and applicability of Rule 1-060(B)(1).

### Relief is Proper Due to Mistake Under Rule 1-060(B)(1)

**{8}**     Rule 1-060(B)(1) states "[o]n motion and on such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or

proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." A motion under Rule 1-060 "shall be made within a reasonable time and for reasons" under Rule 1-060(B)(1), "not more than one (1) year after the judgment, order, or proceeding was entered or taken." Rule 1-060(B)(6). Courts are required to balance "interests of finality versus relief from unjust judgments" when applying Rule 1-060(B). *Kinder Morgan*, 2009-NMCA-019, ¶ 10.

{9}     As an initial matter, we note that Plaintiff filed his Rule 1-060(B) motion a little less than four months after the district court entered the order dismissing the state case with prejudice, well within the one year deadline required by Subsection (B)(6) for Subsection (B)(1)-based Rule 1-060 motions, and only a few months after Defendants filed their summary judgment motion in the federal case. Plaintiff's motion was thus timely filed in the district court below and is now properly before us on appeal.

{10}     Few New Mexico cases discuss mistake under Rule 1-060(B)(1), and no New Mexico case discusses mistake associated with an attorney's action lacking client authority. However, "[t]he New Mexico Rules of Civil Procedure are modeled after the Federal Rules of Civil Procedure, and the substance of Rule 1-060(B) is virtually identical to its federal counterpart, Federal Rule of Civil Procedure 60(b)." *Marquez v. Frank Larrabee and Larrabee, Inc.*, 2016-NMCA-087, ¶ 12, 382 P.3d 968 (internal quotation marks and citation omitted). Thus, the federal construction of Federal Rule of Civil Procedure 60(b) "is persuasive authority for the construction of Rule 1-060(B)" because the language in our rule tracks the language in the federal rule so closely. *Marquez*, 2016-NMCA-087, ¶ 12 (internal quotation marks and citation omitted). Therefore, we analyze federal case law regarding whether an attorney's unauthorized dismissal with prejudice, effectively terminating a client's separate action on a same case, qualifies for relief due to mistake under Rule 1-060(B)(1). *See Marquez*, 2016-NMCA-087, ¶ 12.

{11}     We first observe that, on one occasion, the United States District Court for the District of New Mexico predicted how New Mexico state courts would address this issue under New Mexico law. In the unreported opinion of *Wilson v. Jara*, 2012 WL 1684595, at *1 (D.N.M. May 10, 2012) the United States District Court for the District of New Mexico addressed whether counsel for the plaintiff "committed excusable neglect in dismissing his claims with prejudice[.]" *Id.* In *Wilson*, a deprivation of civil rights lawsuit, one of two plaintiffs in the case elected to cease pursuit of his federal claims with the intention of pursuing them at a later time. *Id.* at *4. The plaintiff's attorney informed the court that the plaintiff would no longer pursue his claims, did not proceed to trial, and based thereon the court dismissed the plaintiff's claims with prejudice. *Id.* at *2. In his objections to the magistrate judge's proposed findings and recommended disposition, finding that dismissal of the plaintiff's claims with prejudice was harmless error, the plaintiff argued under Rule 60(b)(1) that the federal court should have considered his attorney's actions as excusable neglect because he never discussed with his attorney that he "would not be able to come back and file on his own." *Id.* at **4-5 (internal quotation marks and citation omitted). The plaintiff submitted his own affidavit, a letter he wrote to his attorney, and an affidavit from the other plaintiff in the case to show that

he intended to reassert his claims at a later time. *Id.* at *4. As a result, the *Wilson* Court found "that the affidavits, statement, and letter that [the plaintiff] submitted are affirmative proof that [the plaintiff's attorney] did not act within his authority when he agreed to a dismissal with prejudice[,]" and that the finding was "sufficient to establish excusable neglect under [R]ule 60(b)(1) of the Federal Rules of Civil Procedure." *Id.* When addressing the other plaintiff's allegations of her own attorney's separate excusable neglect, the *Wilson* Court noted, "[t]here is a tension between how the law treats attorney actions that are without authority, thus permitting relief under [R]ule 60(b), and how the law treats those attorney actions which are inexcusable litigation[] decisions, thus failing to qualify for relief[.]" *Id.* at *7. In a detailed footnote, the court explained that there is a distinction between litigation mistakes and attorneys acting without consent "when the client is aware that the attorney is acting on his or her behalf[.]" *Id.* *n.7. The distinction lies "between *decisions which dispose of the case* and ordinarily require client consent, and other routine attorney decisions which take place over the course of the case." *Id.* (emphasis added).

{12}    Similarly, in *Federated Towing & Recovery, LLC v. Praetorian Ins. Co.*, the same federal district court expounded upon the same issue, this time in conjunction with its conclusion that a party's attorney had authority to agree to dismiss the case without prejudice because "[t]here is no indication that [the attorney] in any way barred his clients from litigating the merits of the claims brought against them." 283 F.R.D. 644, 663 (D.N.M. 2012). Directly discussing mistake under Rule 60(b)(1), the court explained that mistake can entail "either acting without the client's consent or making a litigation mistake." *Id.* at 661; *see Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) ("Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party . . . when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority[.]"). Again, the *Federated Towing* Court stated that it was not able to "locate a New Mexico case addressing whether an attorney has implied authority to dismiss or to agree to dismissal of a client's case without prejudice[,]" and then analyzed relevant New Mexico and federal case law in an attempt to predict what a New Mexico court would hold. 283 F.R.D.at 662. Looking to the New Mexico state court cases discussing an attorney's authority to compromise a client's claims, the *Federated Towing* Court noted that New Mexico courts "are most concerned with an attorney's actions precluding a client from litigating the merits of the case[,]" citing case law that requires attorneys to have specific authority to compromise a client's cause of action. *Id.* at 662 (citing *Bolles v. Smith*, 1979-NMSC-019, ¶ 11, 92 N.M. 524, 591 P.2d 278 (stating that an attorney must have specific authority to bind a client to a settlement agreement, "unless there is an emergency or some overriding reason for enforcing the settlement despite the attorney's lack of specific authority")); *see Diversified Dev. & Inv., Inc. v. Heil*, 1995-NMSC-005, ¶ 22, 119 N.M. 290, 889 P.2d 1212 (stating an "attorney does not have implied authority to compromise [a] client's cause of action"); *Augustus v. John Williams & Assocs., Inc.*, 1979-NMSC-002, ¶ 9, 92 N.M. 437, 589 P.2d 1028 (stating any authority a client gives to an attorney to compromise or settle his or her cause of action must be "clear and unequivocal" and that "[t]he mere employment of an attorney does not of itself give the attorney the implied or apparent authority to compromise his client's cause of action"). The federal

district court again expressed its belief that under New Mexico law, decisions to terminate litigation, "such as settlement or a stipulation of dismissal," are different from other litigation decisions not warranting Rule 60(b)(1) relief "because decisions to terminate the litigation are ordinarily left to the client." *Federated Towing*, 283 F.R.D at 661 (internal quotation marks and citation omitted).

**{13}** We agree with the rationale set out in *Wilson* and *Federated Towing*. In line with previously established New Mexico case law finding that an attorney lacks implied authority to compromise his or her client's cause of action, we hold that mistake occurs under Rule 1-060(B)(1) when an attorney acts without authority and the result of such action bars the client henceforth from litigating the merits of his or her claims on the same cause. Such actions are distinct from routine attorney decisions made during the course of litigation, and therefore require client authority. We conclude that when an attorney lacks client authority to dismiss a case with prejudice, yet does so, whether intentionally or inadvertently, in a manner that terminates litigation, that attorney has committed a mistake under Rule 1-060(B)(1).

**{14}** Finally, our holding today conforms with historic and current analysis on this topic in other jurisdictions. *See* C.R. McCorkle, Annotation, *Authority of Attorney to Dismiss or Otherwise Terminate Action*, 56 A.L.R.2d 1290 § 2[a](1957) (stating that "[t]he rule prevailing in most jurisdictions is that an attorney employed to prosecute an action has implied authority, by virtue of such employment, to have the action discontinued or dismissed where such discontinuance or dismissal will not operate as a bar to the institution of a new action on the same cause, or, as expressed in some cases, where the dismissal or other termination is 'without prejudice.' ") (footnote omitted)); *Id.* n.4 (compiling supportive decisions from Georgia, Illinois, Indiana, Kentucky, Minnesota, Missouri, New York, and Texas); *see also Saxton v. Splettstoezer,* 557 P.2d 1126, 1127 (Alaska 1976) ("The authority to terminate litigation must be explicit or ratified by subsequent conduct of the client."); *Lovelace v. Lovelace*, 177 S.E. 685, 687 (Ga. 1934) (stating that defendant's counsel had general authority "to bind their client by any agreement in relation to the conduct of the suit, not amounting to a retraxit"); *Cory v. Howard*, 164 N.E. 639, 639 (Ind. Ct. App 1929) (in banc) (stating "[a]s the dismissal of a suit does not bar the bringing of another for the same cause of action, the attorney of record has the implied authority to discontinue the action if he sees fit"); *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 758 (Tex. 2003) ("Texas courts have held that an attorney has implied authority to nonsuit a client's claim when the nonsuit does not affect a substantial right or bar the bringing of another suit based on the same cause of action.").

**{15}** Given our conclusion under Rule 1-060(B)(1), we next turn to whether Plaintiff's counsel had authority to dismiss the state case with prejudice when the effect of the dismissal was to dismiss Plaintiff's claims in the federal case as a result of claim preclusion. Our review of the record establishes that Plaintiff only gave his counsel permission to "drop the state case in order to better position ourselves in our ongoing federal case." Indeed, Plaintiff and his counsel discussed terminating Plaintiff's state case so that they could focus their efforts on the federal case. There being no evidence

to the contrary, we conclude Plaintiff did not give his counsel permission to dismiss the state case in such a way that the dismissal would operate as a bar to his claims in the federal case. Stated differently, Plaintiff's counsel did not have implied authority to dismiss the state case with prejudice and most certainly did not have authority dismiss the state case in such a way that would negatively affect Plaintiff's federal case. Thus, the dismissal of Plaintiff's state case with prejudice and without explicit client authority, thereby causing the dismissal of Plaintiff's federal claims on the same cause of action, constitutes mistake under Rule 1-060(B)(1). Even the district court, in denying Plaintiff's motion, stated that Plaintiff only had authority to dismiss the state case in order "to pursue the case only in federal court." Our determination today under Rule 1-060(B) "is consistent with the need to carefully balance the competing principles of finality on the one hand, while permitting relief from unjust judgments on the other." *Curliss v. B & C Auto Parts*, 1993-NMCA-139, ¶ 16, 116 N.M. 668, 866 P.2d 396. Relief from unjust judgment is proper where Plaintiff's counsel's unauthorized actions resulted in the permanent preclusion of Plaintiff's claims in a separate but related cause of action.

## CONCLUSION

**{16}** Based upon the foregoing, we reverse the district court's denial of Plaintiff's motion to substitute order granting dismissal and remand for proceedings consistent with this decision.

**{17} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**MEGAN P. DUFFY, Judge**