The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Opinion Number:**

**Filing Date:** May 22, 2023

**NO. S-1-SC-38812**

**Q LINK WIRELESS LLC,**

Appellant,

v.

**NEW MEXICO PUBLIC REGULATION COMMISSION,**

Appellee.

**In the Matter of the Petition of Q Link Wireless LLC for Designation as an Eligible Telecommunications Carrier for the Limited Purpose of Providing Lifeline Service in the State of New Mexico, NMPRC Case No. 12-00389.**

**APPEAL FROM THE NEW MEXICO PUBLIC REGULATION COMMISSION**

The Law Office of Joseph Yar, P.C.
Joseph Yar
Albuquerque, NM

for Appellant

Russell R. Fisk
Associate General Counsel
Santa Fe, NM

for Appellee

**OPINION**

**VIGIL, Justice.**

**I.    INTRODUCTION**

{1}    Q Link Wireless LLC (Q Link) petitioned the New Mexico Public Regulation Commission (Commission) for designation as an eligible telecommunications carrier (ETC). The designation would have made Q Link eligible to access certain federal funds for providing telecommunications services to underserved communities in New Mexico. *See* NMSA 1978, § 63-9H-6 (2017, amended 2021); 47 U.S.C. § 214(e)(1). Following lengthy and protracted proceedings before the Commission's hearing examiner, Q Link filed a motion to withdraw its petition. The hearing examiner filed an Order Recommending Dismissal of Proceeding with Prejudice (Recommended Decision). The recommendation was to dismiss the petition and to ban Q Link from ever again filing a petition to obtain an ETC designation. The Commission adopted the Recommended Decision in full. Q Link appeals, and we reverse, concluding that the Commission lacks express or implied statutory authority to ban Q Link from ever again seeking an ETC designation.

**II.    BACKGROUND**

{2}    In 2012, Q Link petitioned the Commission requesting an ETC designation to receive low-income federal universal service support funds pursuant to the

Communications Act of 1934, as amended by the Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56 (federal Telecommunications Act) (codified as amended in scattered Sections of 47 U.S.C.). The petition was filed "solely to provide Lifeline service to qualifying New Mexico households, for both tribal and non-tribal areas." Lifeline service is a service offered to "qualifying low-income consumers," allowing the consumer to pay a reduced charge for telephone or broadband internet access. 47 C.F.R. § 54.401(a) (2016). The petition was assigned to a hearing examiner for review and a recommendation.

{3}     In November 2019, Q Link filed a motion to withdraw its petition for designation as an ETC "without prejudice to its reapplication at some future date." More than a year later, the hearing examiner issued its Recommended Decision. The Recommended Decision treated Q Link's motion to withdraw "as a request for dismissal of the proceeding without prejudice for good cause," under 1.2.2.12(B) NMAC. The Recommended Decision recited an alleged "pattern of concealment, evasion, and misrepresentation . . . by Q Link" throughout the proceedings, and provided that "Q Link's repeated violations of the [h]earing [e]xaminer's bench request orders constitute sufficient cause to dismiss outright its [a]mended [p]etition with prejudice."

{4} The Recommended Decision concluded that "[t]he public interest . . . would not be served by designating Q Link as an ETC in New Mexico." The hearing examiner stated, "given its recurring disrespect for Commission processes that counterproductively subverted this proceeding time and again, Q Link has forfeited the opportunity to a hearing before this Commission on the merits of any future request for ETC designation." The hearing examiner then wrote, "if approved by the Commission, [the dismissal with prejudice] would constitute an adjudication on the merits conclusively rejecting Q Link's request for designation as an ETC in New Mexico and would effectively bar Q Link from seeking such relief from this Commission or its successor again." (Footnote omitted.)

{5} Q Link raised four exceptions to the Recommended Decision. First, Q Link argued the Recommended Decision was improperly based upon the hearing examiner's incorrect interpretation of information and documents that were irrelevant to Q Link's motion to withdraw. Second, Q Link asserted the hearing examiner considered extrajudicial information obtained through his own independent factual investigation. Third, Q Link argued that adopting the Recommended Decision would deprive Q Link of property rights without due process. Lastly, Q Link argued that the Commission lacked the statutory authority to adopt the Recommended Decision because there is no statute authorizing the

Commission to dismiss the petition with prejudice and the Recommended Decision did not cite any such authority.

{6} The Commission adopted all of the findings of fact and conclusions of law of the Recommended Decision and rejected each of Q Link's exceptions. The Commission determined that the record cast strong doubt on Q Link's trustworthiness to serve the public interest and that Q Link "sought to conceal important information as to its adverse regulatory treatment in other states." In rejecting Q Link's third and fourth exceptions, the Commission reasoned that although permanently banning Q Link from seeking an ETC designation is a severe sanction, the Recommended Decision presented a sufficient record to make a substantive finding on the merits that designating Q Link as an ETC would not be in the public interest. Finally, the Commission rejected Q Link's request for oral argument. *See* 1.2.2.37(D) NMAC.

{7} Q Link appeals pursuant to NMSA 1978, Section 63-9H-12 (1999), arguing each of the exceptions it made to the hearing examiner's Recommended Decision. Because it is dispositive, we address only one of Q Link's arguments: that the Commission does not have the authority to permanently ban Q Link from seeking an ETC designation.

## III. THE COMMISSION LACKS AUTHORITY TO PERMANENTLY BAN Q LINK FROM SEEKING AN ETC DESIGNATION

{8}     Q Link argues that the Commission cannot permanently bar a corporate entity from applying for an ETC designation by dismissing a petition with prejudice. Q Link emphasizes that while the Commission's regulations "permit a particular . . . proceeding or complaint to be dismissed with finality as to that proceeding," the regulations "do not permit the Commission to forever bar a company from seeking to conduct business" in the state. *See* 1.2.2.12(B) NMAC (allowing any party to move to dismiss all or a portion of a proceeding).

{9}     In response, the Commission argues it "did not exceed its statutory authority by dismissing Q Link's [p]etition with prejudice." To support its assertion, the Commission cites federal statutes which set forth the requirements the Commission must take into account when evaluating an ETC petition. *See* 47 C.F.R. 54.101-54.203 (2021); *see also* 47 U.S.C. § 214(e)(2) (granting state commissions authority to designate ETCs if the requirements of Section 214(e)(1) are met).

{10}    This Court "shall affirm the [C]ommission's order unless it is: (1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with law." NMSA 1978, § 63-9H-13(B) (1999). On the last point, this Court considers whether the Commission's decision is "outside the scope of the agency's authority." *Doña Ana Mut. Domestic Water*

*Consumers Ass'n v. N.M. Pub. Regul. Comm'n,* 2006-NMSC-032, ¶ 9, 140 N.M. 6, 139 P.3d 166. "Agencies are created by statute, and limited to the power and authority expressly granted or necessarily implied by those statutes." *Qwest Corp. v. N.M. Pub. Regul. Comm'n*, 2006-NMSC-042, ¶ 20, 140 N.M. 440, 143 P.3d 478. Thus, whether the Commission has the authority to permanently ban Q Link from filing a petition for an ETC designation is an issue of statutory interpretation.

{11} "Statutory interpretation is a question of law which we review de novo." *Id.* "Because statutory construction is outside the realm of the Commission's expertise, we afford little, if any, deference to the Commission on this matter." *Pub. Serv. Co. v. N.M. Pub. Util. Comm'n,* 1999-NMSC-040, ¶ 14, 128 N.M. 309, 992 P.2d 860 (internal quotation marks and citation omitted). It is also a well-settled principle of statutory construction that the specific governs over the general. *See Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶ 14, 148 N.M. 692, 242 P.3d 259. "A statute enacted for the primary purpose of dealing with a particular subject prescribing terms and conditions covering the subject matter supersedes a general statute which does not refer to that subject although broad enough to cover it." *Lopez ex rel. Lopez v. Barreras*, 1966-NMSC-209, ¶ 12, 77 N.M. 52, 419 P.2d 251 (internal quotation marks and citation omitted).

{12}     With these principles in mind, this Court's primary concern is to examine the plain language of the relevant statutes and then give effect to the legislative intent. *See Pub. Serv. Co.*, 1999-NMSC-040, ¶ 18. We begin with the intersection of federal and state law relating to an ETC designation. We then turn to other New Mexico statutes and regulations governing telecommunication carriers.

{13}     The federal Telecommunications Act, directs the Federal Communications Commission and the states to act jointly when establishing support mechanisms ensuring the delivery of basic telecommunications services to consumers. 47 U.S.C. §§ 254, 410. In order to preserve and advance universal service, the federal Telecommunications Act requires every carrier that provides interstate telecommunications services to contribute to a universal service fund. 47 U.S.C. § 254(d). A carrier may receive federal universal service funding to provide telecommunications services if the carrier is designated as an ETC. 47 U.S.C. § 214(e)(1). Designation as an ETC is left to the states using federal standards. *Id.* § 214(e)(2). The federal Telecommunications Act directs that "[a] State commission *shall* upon its own motion or upon request designate a common carrier that meets [federal requirements] as an [ETC]." 47 U.S.C. § 214(e)(2) (emphasis added); *see also* 47 C.F.R. § 54.401(d).

{14} Article XI, Section 2 of the New Mexico Constitution provides that the Commission "shall have responsibility for regulating public utilities as provided by law . . . [and] may have responsibility for regulation of other public service companies *in such manner as the legislature shall provide.*" (Emphasis added.) Under its general powers and duties, "[t]he [C]ommission shall administer and enforce the laws with which it is charged and has every power conferred by law." NMSA 1978, § 62-19-9(A) (2020). Further, the Commission is given the discretion to "take administrative action by issuing orders not inconsistent with law to assure implementation of and compliance with the provisions of law for which the [C]ommission is responsible and to enforce those orders by appropriate administrative action and court proceedings." Section 62-19-9(B)(5). These provisions limit the Commission to the power and authority expressly or impliedly conferred by applicable statutes. The governing statute here is the Rural Telecommunications Act of New Mexico (Rural Telecommunications Act), NMSA 1978, §§ 63-9H-1 to -14 (1999, as amended through 2021).

{15} The Rural Telecommunications Act is the state's counterpart to the federal Telecommunications Act. Pertinent here, the Commission must implement and maintain a fund, called the "'state rural universal service fund,'" that is "financed by a surcharge on intrastate retail public telecommunications services." Section 63-9H-

8

6(A), (B). The Commission is required to "establish eligibility criteria for participation in the fund consistent with federal law that ensure the availability of universal service at affordable rates." Section 63-9H-6(D)(1). A carrier that desires to receive support from the fund may petition the Commission for an ETC designation. Section 63-9H-6(E). "[U]pon a finding that granting the [petition] is in the public interest," *id*., and "consistent with federal law," § 63-9H-6(D)(1), the Commission may grant the ETC designation.

{16}     Thus, under the plain language of 47 U.S.C. Section 214(e)(2) and Section 63-9H-6, upon the filing of a request from a carrier for an ETC designation, the Commission must evaluate whether the carrier meets the federal requirements and whether an ETC designation would be in the public interest. Although Q Link did not seek state funds under the Rural Telecommunications Act, the Commission's Final Order created eligibility criteria that prevent Q Link from ever receiving federal or state universal service support in New Mexico. In other words, the Commission made a determination that no set of circumstances would justify Q Link as an ETC as long as Q Link exists as a corporation even though the reasons for the Commission's action may dissipate over time. *See* 18 C.J.S. *Corporations* § 67 (2018) ("Corporations continue in existence until terminated by constitutional or statutory provisions, until the expiration of the corporate charter, or until legally

9

dissolved."). Neither 47 U.S.C. Section 214(e)(2) nor Section 63-9H-6 authorize the Commission to make such a determination. Therefore, the Commission acted outside its authority.

{17}	Apart from establishing eligibility criteria that prohibit Q Link from receiving federal or state service support in New Mexico, the hearing examiner converted Q link's motion to withdraw to a motion to dismiss and recommended dismissal with prejudice to permanently bar Q Link from filing any petition in the future. Under the Commission's rules, parties to a proceeding

> may at any time move to dismiss a portion or all of a proceeding for lack of jurisdiction, failure to meet the burden of proof, failure to comply with the rules of the [C]ommission, or for other good cause shown. The presiding officer may recommend dismissal or the [C]ommission may dismiss a proceeding on [its] own motion.

1.2.2.12(B) NMAC. While the hearing examiner may recommend dismissal of a proceeding, and the Commission has the power to dismiss a proceeding on its own motion, the plain language of 1.2.2.12(B) NMAC does not evidence the power of the Commission to dismiss a petition for an ETC designation with prejudice to permanently bar a carrier from filing any petition in the future. Nor do we recognize any such authority in the Rural Telecommunications Act.

{18}	In sum, neither the Recommended Decision nor the Final Order cite any authority allowing the Commission to dismiss Q Link's petition with prejudice to

permanently bar Q Link from ever filing a petition in the future. This Court has not found, and the Commission has not identified, any provision within federal or state law that allows the Commission to dismiss an ETC petition with prejudice with this consequence. We therefore conclude that the Commission did not have the authority to dismiss Q Link's petition with prejudice and bar Q Link from ever again seeking designation as an ETC.

## IV.  CONCLUSION

{19}    For the foregoing reasons, we conclude that the Final Order adopting the Recommended Decision's dismissal with prejudice is not in accordance with law because it is beyond the scope of the Commission's authority. Accordingly, we vacate and annul the Commission's Final Order and remand for further proceedings. *See* NMSA 1978, § 62-11-5 (1982) ("The supreme court shall vacate and annul the order complained of if it is made to appear to the satisfaction of the court that the order is unreasonable or unlawful.").

{20}    **IT IS SO ORDERED.**


_____

**MICHAEL E. VIGIL, Justice**

**WE CONCUR:**

_____
**C. SHANNON BACON, Chief Justice**

_____
**DAVID K. THOMSON, Justice**

_____
**JULIE J. VARGAS, Justice**

_____
**BRIANA H. ZAMORA, Justice**