The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published.  The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: **August 17, 2023**

**No. A-1-CA-39697**

**LIANA TRUJILLO, individually and as the
Personal Representative of the Wrongful
Death Estate of SEVERO ORTEGA,**

      Plaintiff-Appellant,

v.

**PRESBYTERIAN HEALTHCARE SERVICES,
INC. d/b/a PRESBYTERIAN ESPAÑOLA
HOSPITAL; JAMES J. MONTESINOS, M.D.;
and SAMUEL SOUTHAM, M.D.,**

      Defendants-Appellees,

and

**PATRICK R. MONTOYA, M.D.; VICTOR L.
SHERMAN, M.D.; WILLIAM MURRY RYAN,
M.D.; MELISSA SUGAR, M.D.; SALVEDEESWA
LAKSHMI-NARAYANAN, M.D.; and EUGENIO
RIVERA, JR., M.D.,**

      Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Court Judge**

Law Office of James H. Wood PC
Arslan S. Umarov
Zacary E. Wilson-Fetrow
Albuquerque, NM

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Edward Ricco
Brenda M. Saiz
Angelica Lopez
Albuquerque, NM

for Appellee Presbyterian Healthcare Services

Butt Thornton & Baehr P.C.
W. Ann Maggiore
Albuquerque, NM

Hinkle Shanor LLP
Dana S. Hardy
Jeremy Ian Martin
Santa Fe, NM

for Appellees James J. Montesinos, M.D. and Samuel Southam, M.D.

**OPINION**

**BUSTAMANTE, Judge, retired, sitting by designation.**

{1}     This medical negligence case presents itself with an atypical procedural history that influences the outcome of our opinion. We consider two issues. First, did the district court err in granting Defendant Presbyterian Healthcare Services, Inc.'s (Presbyterian) motion for summary judgment on the vicarious liability claim against it for the actions of a nonemployee radiologist who had been previously excused from the case via a stipulated order of dismissal? We conclude that the district court correctly applied this Court's ruling in *Valdez v. R-Way, LLC*, 2010-NMCA-068, 148 N.M. 477, 237 P.3d 1289. And, second, did the district court err in denying Plaintiff's Rule 1-060(B) NMRA motion for reconsideration asking the district court to revisit the judgment dismissing the radiologist, its order denying Plaintiff's partial motion seeking summary judgment as to Presbyterian's vicarious liability, and the summary judgment in favor of Presbyterian? **[BIC 26-37]** We hold that the district court did not err in denying the Rule 1-060(B) motion because the challenged orders were not final. We affirm.

**BACKGROUND**

{2}     Plaintiff Liana Trujillo, individually and as personal representative of the estate of Severo Ortega (Decedent), filed a wrongful death and personal injury action. The complaint alleged that Decedent, who was seventy-one years old, went

to Presbyterian Española Hospital Emergency Room with complaints of generalized weakness, chest pain, and fatigue. Doctors in the emergency room diagnosed Decedent with joint pain associated with arthritis and discharged him. The complaint alleged that Decedent was misdiagnosed and that he was suffering from pneumonia. Decedent was readmitted to the hospital two days later. He died later that day. Throughout the litigation, Plaintiff alleged that Dr. James Montesinos[1] was the radiologist who reviewed x-rays of Decedent's chest during his first trip to Presbyterian and inaccurately determined they were clear when, in fact, they showed Decedent had pneumonia.

{3}     Plaintiff's complaint, in relevant part, named Presbyterian and ten doctors identified as "medical doctors and/or providers who were employees, agents, and/or apparent agents of Presbyterian acting in the course and scope of their employment" as defendants. The doctors included Dr. Montesinos.

---

[1]The briefing makes allegations against both Dr. Montesinos and Dr. Samuel Southam. The evidence presented demonstrates that Dr. Montesinos was the radiologist who reviewed Decedent's x-rays during his first hospitalization, though we have no evidence of Dr. Southam's role in this case. Plaintiff did not refer to Dr. Southam as a radiologist who reviewed Decedent's x-ray until her motion for reconsideration and that allegation was not supported by evidence. The parties do not address this lack of evidence or allegation in their briefing and the briefing summarily refers to both doctors as the radiologists who provided services to Decedent. Based on our holding, we need not address this lack of evidence but we note it for accuracy.

2

**{4}** Within a month after the complaint was filed, Dr. Montesinos and two other doctors filed a motion seeking dismissal of the case, or in the alternative, a stay of "the case in its entirety" until the New Mexico Medical Review Commission (the Commission) was completed. Plaintiff had filed an application with the Commission a week before the complaint was filed but the Commission had not acted on it when the complaint was filed. The district court filed a stipulated order staying the case "until thirty (30) days after the . . . Commission panel renders its decision in accordance with [NMSA 1978, Section] 41-5-22 [(1976)]."

**{5}** The next substantive pleading in the record proper—filed March 6, 2019, just under three months after the stay—was a stipulated order dismissing Dr. Montesinos and two other doctors from the action with prejudice. Though the order recites that the district court "reviewed the parties' stipulation," the record proper does not include the stipulation or reveal any of the details.

**{6}** As part of Plaintiff's response to Presbyterian's motion for summary judgment filed some fifteen months after entry of the stipulated dismissal, Plaintiff asserted in an affidavit that her attorney had not sought her approval to dismiss the doctors nor had he informed her about the dismissal. She averred that she only found out about the dismissal after she retained new counsel. Plaintiff's current counsel entered their appearance approximately five months after the stipulated dismissal

3

was entered. Plaintiff's prior counsel formally withdrew from the case two months thereafter.

{7}    Soon after the substitution of counsel, Plaintiff filed a motion for partial summary judgment arguing that Presbyterian was vicariously liable for the conduct of Dr. Montesinos based on apparent agency because he was held out to the public as one of the hospital's agents. She also argued that dismissal of Dr. Montesinos had no effect on her vicarious liability claim against Presbyterian. Presbyterian responded, arguing Plaintiff's claim of negligence by vicarious liability against it was extinguished when Plaintiff voluntarily dismissed Dr. Montesinos from the litigation with prejudice. After a hearing, the district court denied Plaintiff's motion, concluding "that there are genuine issues of fact and that the [m]otion is not well taken." At the hearing, the district court explained that Plaintiff did not meet her burden to establish apparent agency as a matter of law and that it was "not finding, as a matter of law, that Presbyterian . . . would be liable just based upon vicarious liability as [Plaintiff] requested."

{8}    Four months after Plaintiff's motion was denied, Presbyterian filed its own motion for summary judgment, arguing again that Plaintiff had no remedy against Presbyterian for vicarious liability claims because, by voluntarily dismissing Dr. Montesinos, the agent, she extinguished any basis for imputing liability against Presbyterian, the principal. Plaintiff responded by first arguing that the district court

4

"suggested this issue [was] properly reserved for the jurors." She then argued that because Plaintiff's previous counsel dismissed Dr. Montesinos without her permission, Dr. Montesinos was not released from liability, so her vicarious liability claims remained. After a hearing, the district court granted Presbyterian's motion "because Plaintiff dismissed the radiology defendants from this case with prejudice on March 6, 2019, and therefore, vicarious liability claims against [Presbyterian] for the radiologists' negligence premised on an agency theory were extinguished as a matter of law."

{9}     Plaintiff then moved to reconsider three orders: the stipulated dismissal with prejudice of Dr. Montesinos, the denial of her motion for summary judgment, and the grant of Presbyterian's motion for summary judgment. In the alternative, she requested that the district court certify the stipulated dismissal for interlocutory appeal. Though Plaintiff did not identify the motion as being pursuant to Rule 1-060(B), her arguments referenced the rule and advanced arguments concerning timeliness that echo Rule 1-060(B)'s requirements. Plaintiff argued that a new case, *Rogers v. Board of County Commissioners of Torrance County*, 2020-NMCA-002, ¶ 13, 455 P.3d 871,[2] supported reversing the stipulated dismissal of the doctors. She

---

[2]We note that *Rogers* was published on August 22, 2019, after the stipulated dismissal, but before either of the motions for summary judgment were filed, despite Plaintiff's contention that it was not published while the parties briefed Plaintiff's motion for summary judgment.

also renewed her argument that she relied on the district court's comments suggesting the vicarious liability claims were "preserved." Presbyterian responded that Plaintiff's Rule 1-060(B) motion was untimely because it was made more than a year after the stipulated dismissal, and that the decision to dismiss Dr. Montesinos was an authorized litigation strategy.

{10} The district court denied Plaintiff's motion for reconsideration without a hearing. The district court's order detailed the timing and sequence of events summarized above and noted that in its view, "Plaintiff took no action to set aside the [stipulated order of dismissal]," until she filed her motion to reconsider—the motion it was deciding. As such, the district court ruled that the motion for reconsideration was "untimely pursuant to Rule 1-060(B)(6)." The district court also ruled that *Rogers* did not and could not overrule or modify New Mexico Supreme Court precedent stating that litigation strategy is not a mistake. Thus, the district court denied Plaintiff's motion to reconsider on procedural and substantive grounds.

{11} At that point, Plaintiff still had active claims against seven doctors and Presbyterian. Plaintiff proceeded to dismiss her remaining claims without prejudice. She then appealed four orders: the dismissal with prejudice of Dr. Montesinos, the two orders on summary judgment, and the order denying her motion for reconsideration.

6

## DISCUSSION

## I.    Vicarious Liability

{12}    We start with the district court's grant of Presbyterian's motion for summary judgment based on vicarious liability. Plaintiff argues that because Dr. Montesinos acted as an apparent agent of Presbyterian, Presbyterian is vicariously liable for his actions. Presbyterian argues, as the district court determined, that because Plaintiff dismissed Dr. Montesinos with prejudice, all claims of vicarious liability against Presbyterian based on his actions were extinguished. We agree with Presbyterian and explain.

{13}    "Summary judgment is reviewed on appeal de novo." *Juneau v. Intel Corp.*, 2006-NMSC-002, ¶ 8, 139 N.M. 12, 127 P.3d 548. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. We review the evidence "in the light most favorable to the party opposing summary judgment." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146.

{14}    We accept for purposes of our analysis Plaintiff's contention that Dr. Montesinos was acting as an agent of Presbyterian. This Court determined in 2010 that "a release of the agent extinguishes the derivative claim against the principal

7

since an agent and a principal are not joint tortfeasors." *Valdez*, 2010-NMCA-068, ¶ 14 (internal quotation marks and citation omitted). A release of a claim is "abandonment, relinquishment or giving up of a right or claim to the person against whom it might have been demanded or enforced and its effect is to extinguish the cause of action." *Id.* (omission, internal quotation marks, and citation omitted).

{15}     *Valdez* squarely supports the district court's decision that once Plaintiff voluntarily dismissed her claim with prejudice against Dr. Montesinos, her claim against Presbyterian was extinguished. A dismissal with prejudice is a permanent bar from filing suit again on the same claim or claims. *See Q Link Wireless LLC v. N.M. Pub. Regul. Comm'n*, ___-NMSC-___, ¶¶ 8, 10, ___ P.3d ___ (S-1-SC-38812, May 22, 2023) (noting a dismissal with prejudice is a permanent bar of a party from the proceedings); *Dismissal*, *Black's Law Dictionary* (11th ed. 2019) (defining "dismissal with prejudice" as "[a] dismissal, usu[ally] after an adjudication on the merits, barring the plaintiff from prosecuting any later lawsuit on the same claim"). By permanently barring any claim she might have against Dr. Montesinos, Plaintiff not only relinquished her negligence cause of action against him but additionally "extinguishe[d] the derivative claim against [Presbyterian]." *See Valdez*, 2010-NMCA-068, ¶ 14 (internal quotation marks and citation omitted); *see also OR&L Constr., L.P. v. Mountain States Mut. Cas. Co.*, 2022-NMCA-035, ¶¶ 6, 27, 514 P.3d 40 (determining that the employer could not be held liable for the acts of its

8

employee once the plaintiff settled with the employee, released all its claims against him, and agreed not to pursue further legal action).

{16}    Plaintiff makes several arguments attempting to avoid the holding in *Valdez*. First, relying on *Juarez v. Nelson*, 2003-NMCA-011, ¶ 28, 133 N.M. 168, 61 P.3d 877, *overruled on other grounds by Tomlinson v. George*, 2005-NMSC-020, 138 N.M. 34, 116 P.3d 105, she argues that the order dismissing Dr. Montesinos did not include a factual determination that he was not negligent, thus it cannot be used to impute immunity in favor of Presbyterian. *Valdez* specifically addressed *Juarez* and limited it to its facts. *Valdez*, 2010-NMCA-068, ¶¶ 11-13 (noting that *Juarez* refused to allow a hospital to take advantage of a shorter statute of limitation available for a doctor under the Medical Malpractice Act that was explicitly not applicable to the hospital). Thus, per *Valdez*, a release of liability is determinative and factual determination on the merits of the employee's liability is not necessary. *Id.* ¶ 14.

{17}    Second, Plaintiff relies on cases discussing the concept of claim preclusion. Claim preclusion addresses limits on the relitigation of the same claim or issue by the same parties in another case, which is distinct from vicarious liability, and, thus, not controlling. *Compare Bank of N.Y. v. Romero*, 2016-NMCA-091, ¶ 15, 382 P.3d 991 ("The doctrine of claim preclusion, or res judicata, bars re[]litigation of the same claim between the same parties or their privies when the first litigation resulted in a final judgment on the merits." (internal quotation marks and citation omitted)), *with*

9

*Valdez*, 2010-NMCA-068, ¶ 7 (describing vicarious liability as the fault one party has based on the "legal imputation of responsibility for another's tortious acts" (internal quotation marks and citation omitted)).

{18}	Third, Plaintiff argues that a release of liability is void unless it is acknowledged by a notary public, and "[w]ithout an operative release, there is no accord, and without an accord, there is no defense to liability." As Presbyterian noted, Plaintiff relies on NMSA 1978, Sections 41-1-1 to -2 (1971), which apply only to settlements and releases obtained from an injured person who is hospitalized or receiving care for the injury suffered. Thus, the statutes do not apply to the circumstances of this case and do not control our inquiry.

{19}	We affirm the district court's grant of Presbyterian's motion for summary judgment.

**II.	Motion for Reconsideration**

{20}	We next address Plaintiff's argument that it was error to deny her Rule 1-060(B) motion to reconsider requesting the district court set aside her voluntary dismissal of Dr. Montesinos and the court's summary judgment rulings regarding Presbyterian's vicarious liability. We review the district court's ruling on motions for relief from final judgment under Rule 1-060(B) for abuse of discretion. *See Resol. Tr. Corp. v. Ferri*, 1995-NMSC-055, ¶ 5, 120 N.M. 320, 901 P.2d 738. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions

10

demanded by the facts and circumstances of the case." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted). In determining if an abuse of discretion occurred, we review de novo the application of the law to the facts. *See Gandara v. Gandara*, 2003-NMCA-036, ¶ 9, 133 N.M. 329, 62 P.3d 1211.

{21} Before we launch into our analysis of the issue, we deem it appropriate to discuss the difficulties created by the procedural posture of the case. We start with the inexplicable voluntary dismissal with prejudice of the radiologist. As explained above, that decision carried the obvious and fatal consequence for Plaintiff's vicarious liability case against Presbyterian. We do not—and cannot—know whether Plaintiff's original counsel appreciated the risk. We can be confident that Plaintiff's current counsel did, given the arguments made in the motion seeking summary judgment in Plaintiff's favor that Presbyterian continued to face vicarious liability despite the dismissal of the radiologist. Plaintiff's decision to pursue summary judgment was dubious given the existence of authorities such as *Rogers* and *Downer v. Southern Union Gas Co.*, 1949-NMSC-045, ¶¶ 7, 8, 53 N.M. 354, 208 P.2d 815 (holding that the plaintiff could challenge the validity of a release of the defendant and the employer without joining the employee in the action).

{22} Plaintiff's choice of Rule 1-060(B) as the vehicle for her motion to reconsider was, as we will discuss, problematic if only because none of the orders challenged

were in any sense final. Plaintiff has not acknowledged that Rule 1-060(B) was the wrong rule to rely on and continues to rely on it in her argument to this Court. Thus, we analyze the district court's order on the motion for reconsideration in light of the arguments made to it. *See Haden v. Eaves*, 1950-NMSC-050, ¶ 12, 55 N.M. 40, 226 P.2d 457; *see also Cubra v. State ex rel. Child., Youth & Fams. Dep't*, 1996-NMCA-035, ¶ 13, 121 N.M. 465, 913 P.2d 272 ("[W]e review the case litigated below, not the case that is fleshed out for the first time on appeal.").[3]

{23}    Rule 1-060(B) does not apply in this instance because the order from which Plaintiff requests relief is not a final order. Rule 1-060(B) applies only where relief is sought from a final order. *See* Rule 1-060(B) ("On motion and on such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding."); *see also Phelps Dodge Corp. v. Guerra*, 1978-NMSC-053, ¶ 14, 92 N.M. 47, 582 P.2d 819 ("Rule [1-0]60 . . . was created to provide a simplified method for correcting errors in final judgments."); *id.* ¶ 15 ("The intendment of Rule [1-0]60([B]) is to carefully balance the competing principles of finality and relief from unjust judgments."); *Kinder Morgan CO2 Co.,*

---

[3]Our resolution of the appeal of the district court's denial of the motion for reconsideration makes it unnecessary for us to consider the merits of the district court's conclusion that *Rogers* could not be used or relied upon to challenge the efficacy of the stipulated dismissal of the radiologist.

*L.P. v. N.M. Tax'n & Revenue Dep't*, 2009-NMCA-019, ¶ 19, 145 N.M. 579, 203 P.3d 110 (same).

{24}    Dismissal of a party with prejudice previously was considered a final order. *See* Rule 1-054(B)(2) NMRA (2015) (stating in applicable part that "[w]hen multiple parties are involved, judgment may be entered adjudicating all issues as to one or more, but fewer than all parties. Such judgment shall be a final one unless the court, in its discretion, expressly provides otherwise and a provision to that effect is contained in the judgment"). The December 31, 2016, amendment to Rule 1-054 NMRA changed the final nature of such orders in cases where other parties remain in the action. Rule 1-054(B) now states, "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims, or the rights and liabilities of fewer than all the parties, does not end the action for any of the claims or parties, and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Given that the dismissal of the radiologist left many claims and parties[4] in the pending action, the order dismissing the radiologist was not final.

---

[4]We note that Plaintiff made claims against "John Does 1-10[ and] Jane Does 1-10," which were not dismissed until after the district court denied Plaintiff's motion for reconsideration and Plaintiff dismissed all her remaining claims without prejudice. These John Doe and Jane Doe parties were never properly served and never voluntarily appeared in the case. This Court recently determined that a district court's failure to dismiss an unserved defendant does not keep a case from being

{25} Plaintiff argues that the case was effectively final once the claims against the radiologist and Presbyterian were dismissed. The crux of her assertion is that the remaining claims included "only a minor portion of the damages that would be due to [Plaintiff] for [Decedent's] wrongful death . . . [a]nd in practice, [Plaintiff's remaining] claims were impracticable to be tried as stand-alone claims[,]" thus, deeming the judgment final "would further promote the principles of finality against piecemeal appeals." Plaintiff's argument is unavailing.

{26} Generally, "an order or judgment is not considered final unless all issues of law and fact have been determined and the case [is] disposed of by the [district] court to the fullest extent possible." *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033 (internal quotation marks and citation omitted). *Kelly Inn*'s admonition to give finality "a practical, rather than a technical, construction" and looking "to its substance and not its form," *id.* ¶ 15, cannot be used to override the explicit language of Rule 1-054(B). As we noted above, after the voluntary dismissal Plaintiff had active claims against seven doctors and Presbyterian. After the order granting Presbyterian's motion for summary judgment, Plaintiff still had claims against four named doctors and Presbyterian. Even assuming that the remaining claims represented a small percentage of the recovery,

---

final. *Camarena, ex rel. Camarena v. Superior Contracting Corp.*, ___-NMCA-___, ¶ 14, ___ P.3d ___, (A-1-CA-39598, Feb. 23, 2023).

14

the stipulated order of dismissal was not practically or substantively final. *Compare Kelly Inn*, 1992-NMSC-005, ¶ 21 ("Where a judgment declares the rights and liabilities of the parties to the underlying controversy, a question remaining to be decided thereafter will not prevent the judgment from being final if resolution of that question will not alter the judgment or moot or revise decisions embodied therein."), *with Trujillo v. Hilton of Santa Fe*, 1993-NMSC-017, ¶ 3, 115 N.M. 397, 851 P.2d 1064 (noting the exception to the rule of finality for "the disposition and distribution of assets in accordance with an adjudication, ancillary writs to enforce a judgment, or the judicial sale of property following a decree of foreclosure on a mortgage"), *and Vill. of Los Ranchos Bd. of Trs. v. Sanchez*, 2004-NMCA-128, ¶ 6, 136 N.M. 528, 101 P.3d 339 ("When the issue of damages remains, the order or judgment has not practically disposed of the merits of the case.").

{27} The district court's order denying the motion for rehearing relied on the notion that a motion for relief filed pursuant to Rule 1-060(B)(1) "shall be made . . . not more than one (1) year after the judgment, order, or proceeding was entered or taken." Rule 1-060(B)(6); *see Rogers*, 2020-NMCA-002, ¶ 9 (determining a Rule 1-060(B)(1) motion was timely filed within a one year deadline required by Rule 1-060(B)(6)). The stipulated dismissal was filed in March 2019 and the motion for reconsideration was filed in December 2020. The motion was filed sixteen months—well over a year—after the dismissal. Had the order dismissing the radiologist been

final, the motion for reconsideration would have been untimely pursuant to Rule 1-060(B)(6). But, as we have concluded, the order was not final and Rule 1-060(B) simply did not apply in these circumstances. We emphasize that interim orders such as the ones under review in this case are interlocutory and generally subject to modification during the pendency of an action—but not pursuant to Rule 1-060(B).

**{28}** Thus, Rule 1-060(B), the rule under which Plaintiff sought relief in district court and advances her arguments on appeal, is inapplicable. *See DeFillippo v. Neil*, 2002-NMCA-085, ¶ 21, 132 N.M. 529, 51 P.3d 1183 (concluding that Rule 1-060(B) did not apply to a motion for relief where the order in question was nonfinal). Based on the foregoing, the district court did not abuse its discretion in denying Plaintiff's motion for reconsideration under Rule 1-060(B).

**CONCLUSION**

**{29}** We affirm.

**{30}** **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge, retired, sitting by designation**

**WE CONCUR:**

_____
**JENNIFER L. ATTREP, Chief Judge**

_____
**JACQUELINE R. MEDINA, Judge**

17

**BUSTAMANTE, Judge, retired, sitting by designation (special concurrence).**

{31}    I write separately to note my longstanding concern that our case law regarding the dismissal of an employee and its effect on a plaintiff's vicarious liability claim against the employee's employer has strayed beyond its doctrinal roots, creating illogical legal traps for the unwary that serve no purpose connected to the policies underlying the theory of respondeat superior/vicarious liability. In my view, there is no fundamental difference between (1) not naming an employee or agent in a suit, (2) entering into a covenant not to sue an employee or agent, (3) dismissing an employee or agent based on a defense personal to the employee, (4) releasing an employee or agent, and (5) voluntarily dismissing a named employee or agent from a suit before a determination of their culpability on the merits. None of these "escapes" from personal liability are based on a finding that the employee/agent was not negligent or otherwise not culpable. Yet the result in terms of the employer/principle's potential liability is dramatically different. The first three scenarios do not affect the employer/principle's exposure to vicarious liability. *See Juarez*, 2003-NMCA-011, ¶ 28; *Valdez*, 2010-NMCA-068, ¶ 15. The latter two do.

{32}    Were I writing on a clean slate, I would adopt the approach recently articulated by the Arizona Supreme Court *Laurence v. Salt River Project Agricultural Improvement & Power District*, 528 P.3d 139, 141 (Ariz. 2023). In *Laurence*, the court undertook a comprehensive review of its employer/agent vicarious

18

jurisprudence and overruled *DeGraff v. Smith*, 157 P.2d 342 (Ariz. 1945) (cited with approval in *Valdez*, 2010-NMCA-068, ¶ 8). *Laurence*, 528 P.3d at 141-51. The Arizona court determined that "when tort claims against an employee are not actually adjudicated, dismissal of the employee-claim does not summarily require dismissal of the respondeat superior claim[,]" an approach that I would adopt in New Mexico. *Id.* at 150.

_____
**MICHAEL D. BUSTAMANTE, Judge,**
**retired, sitting by designation**

19